The plaintiffs bring their action upon the official bond of defendant, Wicker, former sheriff of Moore County, against him and the other defendants, his sureties, to recover damages alleged to have been sustained by his neglect, and the penal sum of $500, incurred for a false return. The summons was issued returnable to Fall Term of Wake Superior Court, 1881, which began on the 8th day of August, previous to which the complaint had been filed in the clerk's office, and the process was duly returned with service accepted by the principal defendant and some of the sureties, and was not served upon others misnamed. On the 4th day of August, the counsel in Moore County employed by Wicker to defend the suit, addressed a letter to the plaintiffs' counsel at Raleigh, asking for further time to answer, and the latter, in their letter in reply, consented to an extension of the time asked until the first of November, if the misnamed defendants would also agree to accept service of the summons. On August 8th Wicker applied to his counsel to know if it was (15) necessary for him to attend Wake Superior Court, and was told by them that it was needless for him to go, as they had received a letter from plaintiffs' counsel giving time until November 1st for putting in the answer.
On the last day of the term, which continued for three weeks, no appearance being entered for the defendants, the plaintiffs obtained *Page 28 
leave to withdraw their complaint and file one in amendment, wherein the claim for official neglect is abandoned, and the recovery of the penal sum for the false return is alone demanded. Upon filing the amended complaint the plaintiffs moved for and obtained judgment final for the said penalty against the defendants upon whom service had been made, and, correcting the names of the others, had entered an order for the issue of process against them. Wicker made some effort to procure the acknowledgment of service from them, but discontinued, on noticing in the newspaper that judgment had been rendered in the cause. At the next term thereafter, pursuant to notice, the said Wicker made application to the judge to set aside the judgment on the ground of surprise and excusable neglect, upon the hearing of which and the accompanying affidavits at January Term, 1882, the court found the facts as above set out, and adjudged that upon the defendants putting in their answer on or before the second Monday of the next term, which was held in February, as of Fall Term, 1881, the judgment be set aside and annulled with costs. From this ruling the plaintiffs appealed on the ground that,
1. The defendant, Wicker, was voluntarily absent and in personal default; and that,
 2. The condition on which the indulgence was granted was not fulfilled; and they further insist
(16) 3. The judgment if set aside at all should only be set aside as to the defendant Wicker.
These propositions are also pressed in the argument before us for a reversal of the judgment.
The cases referred to in the argument for the appellant, terminating inWynne v. Prairie, 86 N.C. 73, recognize the distinction between the omissions of a retained attorney, and the personal inattention and negligence of the party himself, in an application for relief from a judgment within the purview of section 133 of the Code; and it is quite manifest if there is neglect, excusable or not, in the present case, it must be attributed to the former rather than to the latter. It does not appear from the findings of fact, by which alone we are governed, and not by the affidavits needlessly appended to the case and sent up, that the terms of the conceded indulgence were communicated to Wicker, when he made enquiry of his attorney whether he should go to Raleigh to attend to his case. On the contrary their advice to him was, they had a letter from one of plaintiffs' counsel allowing time for the answer and his presence there during the time was not required. Surely his absence upon this information was excusable and the judgment entered up a surprise within the meaning of the statute, and no culpable default can be imputed to him. Nor *Page 29 
are we prepared to say from the response to the application for further time that it must bear the strict interpretation put upon it in the appellant's argument, which requires the acknowledgment of service to be made and the summons thus endorsed returned during the term, since the proposed indulgence suspends all further action in the cause, and the service acknowledged and the filing of the process at any time before answer put in, would secure to the plaintiffs all the advantages to be derived from its being done during the term of the court.
If indeed the delay be considered as accorded to all the defendants, an answer from all would be a waiver of process, and (17) if confined to those on whom it was served, their omission to answer within the time would entitle the plaintiffs to the judgment which was entered up, and hence no inconvenience from the delay would accrue to them.
But the case presents another aspect similar to that in Wynne v.Prairie. The complaint first filed and withdrawn alleged two causes of action, in one of which the jury was required to assess the damages, and upon a complaint in that form, the plaintiffs were not entitled to a final judgment by default for want of an answer for that cause of action, which standing alone would warrant it under the practice. Depriest v. Patterson,85 N.C. 376. The change in the complaint was made on the last day of the term, and that substituted, and followed by different consequences, not in fact put in during the first three days of the term. Acts 1870-71, ch. 42, sec. 3. This fact gives increased force to the present application, since while the legal relation of the amendment to the beginning of the term is admitted, it is a substantial departure from the act which requires its earlier filing, and really gives no time to the defendants to put in an answer or demurrer, to which it may in its amended form be deemed subject.
It is suggested that the application shows no meritorious grounds in its support, and hence should not be entertained. Without adverting to the fact that the plaintiffs have abandoned all claim to actual damages resulting from the official misconduct of the sheriff, the enforcement of mere penalties when no injury has accrued is one of strict legal right and not entitled to special favor.
It is urged that the rescission of the judgment should be confined to the defendant Wicker alone, as there has been an inexcusable inattention in the other defendants. The sureties we think may well repose confidence in the sheriff for whose default they are liable, to defend the action for all, and it is this very omission for which we think no inexcusable neglect can be charged. It (18) *Page 30 
would be a singular result if the judgment were to stand against the sureties and they made liable for a penalty which the final trial should show had never been incurred by their principal, when the statute provides that "the bond shall be liable for all fines and amercements imposed onhim," (the sheriff). If he is not subject to the fine, how can the sureties be, since their liability is collateral and dependent? But this suggestion is made merely to support the ruling of the court in setting aside the judgment as to all the defendants, and without intending to express any opinion on the point.
We concur in the ruling of his Honor and affirm the judgment. Let this be certified.
No error. Affirmed.
Cited: Pickens v. Fox, 90 N.C. 372; Wiley v. Logan, 94 N.C. 566;Gwathney v. Savage, 101 N.C. 107; Phifer v. Ins. Co., 123 N.C. 409;Schiele v. Ins. Co., 171 N.C. 431; Grandy v. Products Co., 175 N.C. 513;Holland v. Benevolent Assoc., 176 N.C. 87; Sutherland v. McLean,199 N.C. 350.