H. L. WHITSON v. THE WESTERN NORTH CAROLINA RAILROAD COMPANY.

*Attorney and Client—Excusable Neglect—Judgment.*

1. The rule that a defendant in an action, who employs an attorney to appear and defend—but who fails to do so—is entitled to have a judgment by default set aside upon the ground of excusable neglect, does not absolve the client from all attention to the cause. It is still his duty to furnish the information necessary for the preparation of the answer and for the trial.

2. Where the attorney entered an appearance at the return term, but did nothing else then, nor at the succeeding term, when judgment by default was rendered; *Held*, not to be such excusable neglect as entitled the defendant to relief.

(*Griel* v. *Vernon*, 65 N. C., 76; *McLean* v. *McLean*, 84 N. C., 366; *Wynne* v. *Prarie*, 86 N. C., 73; *Geer* v. *Reams*, 88 N. C., 197, and *Churchill* v. *Insurance Company*, Ibid., 205, cited and approved).

25

MOTION to vacate a judgment, heard by *Shipp, Judge,* at October Term, 1886, of BUNCOMBE Superior Court.

The action was prosecuted to recover in damages the value of two mules alleged to have been killed by the negligent running of the defendant's locomotive and cars on their track, on or about the first day of November, 1883. The summons issued January 19th, 1884, and was served nine days thereafter. A verified complaint was filed on June 2d, 1884, the first day of the Term to which the process was made returnable. No answer was put in at that or the succeeding Term, though counsel for the defendant company entered an appearance for it at the first Term, who promised the company that they would give their attention to the case, and defend it.

At Fall Term, the presiding Judge being quite unwell, and able only occasionally to be in the court-room, near the close of the session, affixed his signature to a judgment in form final, drawn up by plaintiff's counsel, and not read over to him, under the impression that it was interlocutory only, and with the distinct direction that it should be stricken from the record, if an answer came in during the Term. Execution issued, and the fact being called to the attention of the Judge, he wrote to the plaintiff's counsel of his own misapprehension of the judgment when it was signed, to which counsel promptly replied that he would recall the execution, and consent to its being made a judgment by default and inquiry. The defendant first moved in the matter by issuing, on May 29th, 1885, notice of an intended motion to be made at the approaching Term of the Court, for an order setting aside the judgment, and re-opening the action to a defence to be made, which motion was made and heard upon opposing affidavits at the time designated. The Court being of opinion that the facts as found by the Court and herein before recited, did not bring the application within the meaning of the Act, refused the motion, but directed a modifica-

tion to be entered, making the judgment interlocutory instead of final.   From this ruling the defendant appealed.

Mr. George A. Shuford, for the plaintiff.
Messrs. Chas. Price and Chas. A. Moore, for the defendant.

SMITH, C. J. (after stating the case).   The distinction made in the early case of Griel v. Vernon, 65 N. C., 76; and recognized in numerous subsequent adjudications, is between personal neglects of the suitor and neglects of his counsel, and the latter are held not to be so attributable to the suitor as to deprive him of the advantages of the enactment.

Where he employs counsel and communicates the merits of his case to such counsel, and the counsel is negligent, it is excusable on the part of the client, who may reasonably rely upon the counsel's doing what may be necessary on his behalf.   But the principle does not extend so far as to excuse all attention to the cause after the employment of counsel, so that the inattention of both may run over years of time. It is so decided in McLean v. McLean, 84 N. C., 366.   Ordinarily, a cause is put at issue at one Term, and stands for trial at the next.   Counsel should be informed of the defence after the complaint is filed, and the purpose of the action known, and it is the duty of a defendant to furnish the required information in order that the answer may be drawn. Wynne v. Prairie, 86 N. C., 73.

The necessity of communicating the facts to counsel must have been understood by the company.   Under the old practice, the reasons for this were less forcible, since the defence was in mere memoranda entered upon the docket in the cause.   But acquitting the defendant of negligence in this, no kind of attention seems to have been given to the action until after another Term of the court had passed, and the defendant's activity quickened only a few days before the arrival of another Term.   Was there no personal remissness

in this, aside from neglect of counsel? Is a defendant to abandon all care of his case when he has engaged counsel to look after it? May this condition of things continue indefinitely until the lapse of time interposes? We concur with the court that there was culpability on the part of the defendant, and that it finds no excuse in the mere employment of counsel without further action or notice on its part for so long a space afterwards. *Geer* v. *Reams*, 88 N. C., 197; *Churchill* v. *Insurance Company*, Ibid., 205.

There is no error, and this will be certified, that the cause may proceed in the court below.

No error.                                          Affirmed.