G. W. GWATHNEY et. al. v. GEORGE A. SAVAGE and F. M. GARRETT.

*Attorney and Client—Excusable Negligence—Judgment—When Vacated.*

Where the defendant, residing in a county of the State distant from that in which the action was pending, retained an attorney, who practiced in the Courts where the suit was, to represent him, and furnished him with the facts necessary for his answer, but the attorney failed to make the proper defences, or notify defendant that his presence was necessary, by reason of which, judgment for want of answer was rendered, and this was not communicated to defendant for some time afterwards; *Held*, that the neglect was that of the attorney and not of the client, and the latter was entitled to have the judgment set aside.

This is an APPEAL from a judgment of *Graves, J.*, rendered at Spring Term, 1888, of HALIFAX Superior Court, setting aside for excusable neglect a judgment theretofore rendered in the cause.

The action in which the judgment, which the defendant Garrett moves to have set aside was rendered, was institututed by the plaintiffs to foreclose the defendant Savage of the equity of redemption in certain lands conveyed by him to secure the payment of the debts to the plaintiff mentioned in the complaint.

The following summary of facts as found by the Court will be sufficient to present the question raised by the appeal:

The defendant Garrett is now, and has been, since January 1, 1888, a resident of Little Rock, Ark. In January, 1876, he, as trustee for his wife and C. W. Garrett, conveyed to the defendant Savage the land mentioned in the pleading and took, in consideration therefor, eleven notes payable to C. W. Garrett, in cotton, the cotton for the first note to be delivered on the 1st of December, 1876, and that for the other ten notes to be delivered on the 1st of December of each of the following ten years; and eleven notes payable to T. M. Garrett, trustee, &c., to be paid in cotton on the same dates as the notes to C. W. Garrett. To secure the payment of these notes the defendant Savage executed a deed of trust to T. M. Garrett, trustee, on the said land, with power of sale in default of the payment of any one of said notes. The deed was duly registered.

On the 1st of December, 1882, the defendant Garrett, having become the owner of all the notes secured by the trust, and the said Savage having made default in the payment of the notes falling due in 1879, 1880 and 1882, the said Garrett agreed to grant an extension of said notes (payable in cotton) and in lieu thereof took three notes for $212.80, payable respectively December 1, 1887, 1888 and 1889, and to secure the same the said Savage on the same day executed to Garrett the mortgage deed set out in the complaint.

After the institution of this action the defendant Garrett employed James E. O'Hara, an attorney, practicing in said

Court, to defend his interest in said action, and sent to him during May Term, 1887, by the hand of L. Vinson (his son-in-law) the unpaid cotton notes and the money notes, and the said Vinson handed to the said O'Hara, with said notes, a statement of the amount due on the cotton notes and money notes, with a reference to both mortgages or deeds in trust securing the same, and also letters from Savage to Garrett, and the original mortgage of December 1, 1882, which described the other mortgage.

The defendant Garrett was then living in Cumberland County, N. C., and did not visit Halifax in several months thereafter. · O'Hara asked for time to file an answer, which was refused, and the plaintiff's counsel moved for judgment, which was also refused, with the statement that defendant had the whole term to answer. O'Hara then filed an un-verified answer (the complaint was verified), admitting all the allegations of the complaint, except as to the payment of interest. O'Hara had no consultation with Vinson about the case, except that Vinson, when he handed him the papers, asked him to represent Garrett in the cause, and the answer was filed by O'Hara, with the papers before him, without further assistance from his client, and without opportunity to confer with him during the time.

On the 26th of September, 1887, O'Hara, in reply to a letter of inquiry from Garrett, among other things, said : " I claim interest for your entire debt, which have (has) been conceded by Gwathney & Co. They, G. & W , will move for execution on this judgment on the 3 Monday in next month."

On the 10th of December, 1887, he wrote, in reply to a letter from Garrett: " I beg to state that, at the last term of the Court, Gwathney & Co. recovered judgment (against) Savage for their debt, and judgment was accordingly taken—first, your debt to be paid out of power of sale, after that Gwathney & Co. * * * Savage is confident that he will be able to pay your note passed due, and accrued interest, and

also satisfy the G.'s debt within the seventy days. His attorneys tell me they have arranged to raise the money."

On December 19, 1887, O'Hara wrote to Garrett as follows: " In reply to yours of the 15th inst., I beg to state that I intended to say, that your secured debts against Savage, with all *accrued interest*, must be paid before Gwathney & Co. could come in, and that I had so stated."

" Garrett did not come to November Term of the Court, and judgment was rendered against him for want of an answer at said term. The said O'Hara is insolvent. Garrett never received any notice of the provision of the judgment till after January Term, 1888, of the Court, viz.: about February 2, 1888. Said attorney never called upon him to verify any answer, and he never saw the unverified answer placed on the files, nor did he ever see the other pleadings, or know of the filing of an unverified answer.

There is due on said cotton notes about $1,300.00 or $1,400.00. [This finding is provisional, for the purpose of this motion, only.]

The mortgage from said Savage to W. W. Gwathney & Co. was given 27 January, 1885, and duly recorded."

Upon the facts found, it was ordered and adjudged, that the judgment against the defendant Garrett be set aside for the excusable neglect of said Garrett, and that he be allowed to answer, subject to the limitations contained in the judgment.

*Mr. T. N. Hill,* for the plaintiffs.
*Mr. R. O. Burton,* for the defendants.

DAVIS, J., (after stating the case.) The defendant Garrett had employed an attorney practicing in the Courts of Halifax; he had furnished his said attorney with the facts material for his answer, and he had reason to suppose that, with the facts before him, his attorney would not neglect to put in an answer and protect his interest. The complaint was verified, and no verified answer was put in. This was neg-

lect—whose neglect was it? Was it the neglect of the defendant, and if so, was it excusable?

The plaintiff says that it was the duty of the defendant to have been at Court, and that it was his neglect, and inexcusable. The defendant lived in a distant part of the State; he had employed an attorney, duly licensed to practice in the Courts; furnished him with all the data necessary to protect his rights and interests in the action, and he was presumed not to know himself what answer to make or how to make it; but he had a right to assume that his attorney would not neglect to file his answer and protect his interests, and to inform him if it was necessary to make any affidavit verifying the same.

The distinction between the neglect of parties to an action and the neglect of counsel is recognized in our Courts, and except in those cases in which there is a neglect or failure of counsel to do those things which properly pertain to clients and not to counsel, and in which the attorney is made to act as the agent of the client, to perform some act which should be attended to by him, the client is held to be excusable for the neglect of the attorney to do those things which the duty of his office of attorney requires. It was the duty of the attorney to file the defendant's answer; if it required verification, as it did, it was his duty to inform his client of the fact.

The client is not presumed to know what is necessary.

"When he employs counsel and communicates the merits of his case to such counsel, and the counsel is negligent, it is excusable on the part of the client, who may reasonably rely upon the counsel's doing what may be necessary on his behalf." *Whitson* v. *Railroad*, 95 N. C., 385.

The distinction between neglect of counsel taken in *Griel* v. *Vernon*, 65 N. C., 76, has been followed by a number of cases since, and may be regarded as settled. *Ellington* v. *Wicker*, 87 N. C., 14, and the cases there cited.

In the case before us the neglect was that of the counsel, and we concur in the ruling of his Honor below, that it was excusable neglect on the part of the defendant.

The counsel for the appellee Garrett moved to dismiss the appeal, "upon the ground that the undertaking on appeal was not filed in the time prescribed by law."

It appeared from the record that the motion to set aside the judgment was heard by consent at the April Term of Northampton Court. It also appeared from the record that the case on appeal was filed on the 25th of May, 1888, and that the appeal bond was filed on the same day. The counsel for appellant filed an affidavit, in which he makes oath, "that the facts were found and the amount of the appeal bond fixed by the Judge on the 25th of May, 1888, and thereafter, on the same day, the bond was executed and filed "

By consent, the motion was heard at Northampton Court. It does not appear from the record, on what day the judgment was filed, but the case on appeal was filed on the 25th of May, and the appeal bond filed on the same day, and, as we find upon the affidavit of Mr. Hill, on the same day the facts were found and the amount of the bond was fixed by the Judge. The motion was heard and the judgment rendered out of term, by consent, and the bond was filed within ten days after notice thereof. The motion to dismiss cannot be allowed.

Affirmed.