WILLIAM VICK v. HENRY BAKER et al.

(Decided February 22, 1898.)

*Judgment by Default—Inexcusable Neglect—Setting Aside Judgment—Practice.*

1. A litigant is not relieved by the employment of counsel from all attention to his case, but it is his duty to look after it with such attention as a man of ordinary prudence usually gives to his important business.

2. A judgment by default will not be set aside on the ground of excusable neglect, when it appears that defendants changed their postoffice and did not receive the answer mailed to them by their counsel until eleven months after it was mailed, no inquiry for letters having been made by them at their former postoffice, and no communication being addressed to their counsel concerning the matter until eleven months after the time for answering the complaint had expired.

3. A judgment rendered at one term of a Court cannot be set aside at a subsequent term except for excusable neglect.

4. Where, in an action to recover land, the defendant fails to file, or is not excused from filing, the bond required by Section 237 of *The*

*Code,* a judgment by default is authorised by Section 390 of *The Code,* even if there has been a failure to file an answer arising from excusable neglect.

5. Where a tenant in common maintains his action for an interest in land, the judgment should be that he be let into possession as tenant in common with the defendants and not for the recovery of the whole tract.

CIVIL ACTION heard before *Boykin, J.,* at August Term, 1895, of NORTHAMPTON Superior Court on motion lodged at December Term, 1893, to set aside a judgment rendered at August Term, 1893, on the ground of excusable neglect. The motion was granted and plaintiff appealed. The facts appear in the opinion.

*Messrs. W. W. Peebles & Son* for plaintiff (appellant).
*Mr. R. B. Peebles* for defendant.

CLARK, J.: The summons was served in December, 1888, and a verified complaint filed in March. 1889. At Spring Term, 1892, leave was granted to the defendants to reinstate their answer in 60 days. At August Term, 1893, no answer or demurrer having been filed, judgment by default final was taken for the recovery of the realty, no damages being asked. The defendants moved at December Term, 1893, to set aside this judgment on the ground of excusable neglect, alleging that their counsel drew up the answer and mailed it to them, but, having changed their postoffice, the letter did not reach them until eleven months after it was mailed The Judge did not find the facts specifically as he should have done. *Winborne* v. *Johnson,* 95 N. C., 46; *Weill* v. *Woodard,* 104 N. C., 94. But, upon the defendant's own showing, there was inexcusable neglect. The employment of counsel did not relieve them of all attention to the case. Knowing that they had only 60 days

in which to file the answer, when that time was about to expire it was their duty to look after the matter and give the case "such attention as a man of ordinary prudence usually gives to his important business." *Roberts* v. *Allman*, 106 N. C., 391; *Whitson* v. *Railroad*, 95 N. C., 385; *Henry* v. *Clayton*, 85 N. C., 371. It would seem that the defendants did not change their residence, but merely their postoffice; but, however that may be, it is not shown that they notified counsel of the change of postoffice, nor that they inquired at the former postoffice for letters from counsel. Besides, though failing to receive the substituted answer in the 60 days, they neither went to see their counsel nor even wrote him till this judgment was taken, eleven months after the time limited for filing answer had expired. "Such excuses are too thin and bare to hide" their fault. There was error in holding that there was excusable negligence. The neglect being not excusable, the Court was not authorized to set the judgment aside. *Stith* v. *Jones*, 119 N. C., 428; *Manning* v. *Railroad*, at this term.

Further, it does not appear, and is not averred, that the defendants filed the bond required by Section 237 of *The Code*, or were excused from filing it, and the judgment by default was authorized by *The Code*, Section 390, (*Jones* v. *Best*, 121 N. C., 154) even if there had been excusable neglect in failing to file the answer.

The verified complaint, however, was for an undivided half interest in the premises, and the judgment should have been that the plaintiff be let into possession as tenant in common with the defendants, and not for the recovery of the whole tract. The judgment should be reformed below to conform to the complaint, but the order setting it aside altogether must be

Reversed.