KOCH v. PORTER.

(Filed October 22, 1901.)

1. JUDGMENTS—*Setting Aside—Excusable Neglect—Evidence—Sufficiency—The Code, Sec. 274.*

The evidence in this case is held sufficient to authorize the setting aside of a judgment for excusable neglect under The Code, sec. 274.

2. JUDGMENTS—*Setting Aside—Judge—Discretion—Findings of Court—Appeal—Review.*

Facts found by a trial Judge, in setting aside a judgment, are not reviewable by the Supreme Court, unless there is no evidence to support the finding, or it appears that the Judge abused his discretion.

3. APPEAL—*Exceptions and Objections—Review.*

Where the trial Court sets aside a judgment, and at the same time holds that certain other grounds are not sufficient therefor, and the defendant does not appeal, the latter ruling can not be reviewed.

ACTION by T. F. Koch and others against L. C. Porter and others, heard by Judge *George H. Brown,* at August

Term, 1900, of the Superior Court of Columbus County. From an order setting aside a judgment for the plaintiffs, the plaintiffs appealed.

*J. B. Schulken,* for the plaintiffs.
*McNeill & Bryan,* and *McLean & McLean,* for the defendants.

Furches, C. J.   This is a motion to set aside a judgment for excusable neglect, under section 274 of The Code. Therefore the merits of the controversy are not before us.

We do not think we can give a better ′statement of the case on appeal than by incorporating the findings and judgment of the Court below in our opinion:

"Motion by defendants to set aside judgment rendered in this cause October Term, 1899.

"Motion heard by G. H. Brown, Jr., Judge, at August Term, 1900, Columbus Superior Court, upon. affidavits and exhibits filed by plaintiffs and defendants.

"It was agreed that the Judge should take the papers and render his findings and judgment at any time out of term.

"Messrs. McLean and Bryan, for defendants; Messrs. Rountree, Schulken and Lewis, for plaintiffs.

"After carefully considering and weighing all the matters and facts recited in the several affidavits and exhibits, and having considered carefully arguments of counsel, I find the following facts:

"This action was commenced on October 1, 1898, against Luther C. Porter and wife, George F. Porter and wife, and others, named in original summons; that said summons was served as to Luther C. Porter and the other non-residents of this State, as appears in the papers in the cause, on March 22, 1899, and also on said defendants by Sheriff of Hennepin County, Minnesota, in October, 1898.   That shortly thereaf-

ter Luther C. Porter died in said county and State of Minnesota, and another summons was issued March 16, 1899, against his executors and others therein named. legatees of Luther C. Porter. The complaint herein was duly filed May 13, 1899.

"The plaintiff was then and is now a non-resident of this State. The defendants, the executors of Luther C. Porter, and George F. Porter and wife, and others, legatees of Luther C. Porter, were then and are now residents and citizens of Minneapolis, in the State of Minnesota. These said defendants at once employed Messrs. Wishart & Frazier, reputable attorneys of the Superior Court, and residents of Whiteville, Columbus County, to appear for them and file their answer and defend the said cause. That said defend-ants paid the said attorneys and they accepted the employment and entered into correspondence with defendants and their representative and agent. I find that neither of said firm of attorneys are worth over the homestead exemption allowed by law, and that execution can not be collected out of them. That at August Term, 1899, said attorneys entered a general appearance for their clients, that being the appearance term. That sixty days was granted said attorneys upon their motion on August 16, 1899, within which to file answer for their clients, the defendants. The August Term, 1899, commenced on August 14. Said answer was not filed within said sixty days—nor was it filed on October 23, 1899, the commencement of October Term of said Court. That about the first of October, 1899, and before the sixty days had expired, Wade Wishart, Esq., of said firm of Wishart & Frazier, met George Rountree, Esq., counsel for plaintiff, who brought this action, in Wilmington, N. C.; that Mr. Rountree told Wishart that he would take no advantage of any failure to file the answer within the sixty days, and that he had no objection to a continuance of the cause at October

Term, 1899; but that he desired Wishart to hurry and file the answer. At this time about forty-five of the sixty days had expired. A few days after this conversation, in consequence of a letter from the plaintiff, Mr. Rountree wrote Wishart that he should insist on a trial at October Term, and to hurry up and file his answer at once, as his client, the plaintiff, insisted on trial. I further find as a fact from the testimony of Wishart, that within the said sixty days allowed defendants to file answers and in ample time for said attorney to have prepared and filed the answer, all the facts, circumstances and documents, upon which defendants relied for a defense, were placed in his possession by defendants, and that such data was in Wishart's possession in ample time to have filed said answer within time allowed, and that his clients, being residents of far-off States, could not well know, except through Wishart, whether the answer was filed or not.

"Wishart's testimony in this respect seems to be corroborated by George F. Porter and the exhibits filed.

"It was admitted in open Court that Wishart was a reputable attorney of this Court.

"In justice to Wishart, I find that he failed to file the answer laboring under a *bona fide* but mistaken belief that Mr. Rountree had consented that an order for enlargement of time to plead might be entered at the then approaching October Term.

"I find that the defendants are not responsible for the neglect of Wishart and his firm to prepare and file the answer, as they should have done.

"The defendants, David Nealy and wife Dorcas, and J. G. Jackson, appear to be only nominal defendants, and have no definite interest set out in the complaint. (See sections 5 and 6.) All other defendants are the executors and legatees under the will of Luther C. Porter, deceased.

KOCH *v.* PORTER.

"At October Term, 1899, the defendants' counsel, Wishart, moved for further time to file answer. Plaintiffs moved for judgment. The Court rendered the judgment set out in record for want of answer.

"I find that the defendants have a *bona fide* and *prima facie* a valid defense, as set out in the affidavit of George F. Porter, dated August 16, 1900, filed, and that the demand of plaintiff consists largely of open account against estate of L. C. Porter, which would require some proof to substantiate.

"The defendants moved to set aside the judgment:

"1. Because irregular and not warranted by law.

"2. Because of excusable neglect.

"I am of the opinion that as to the money demand a judgment by default and inquiry only should have been rendered; but it appears that defendants' counsel was present and objected to the judgment and appealed to the Supreme Court, and failed to prosecute the appeal. Therefore, this contention can not now be sustained.

"(The defendants duly except.)

"I am of opinion, upon the facts, that defendants are entitled to relief because of excusable neglect. *Gwaltney v. Savage,* 101 N. C., 103.

"(The plaintiffs duly except.)

"It is therefore ordered and adjudged that the judgment rendered at October Term, 1899, be set aside, and the defendants are granted sixty days from date of this order within which to file an answer.

"(The plaintiffs duly except.)"

The facts found, it seems to us, entitled the defendant, in the discretion of the Court, to the relief granted. *Gwaltney v. Savage,* 101 N. C., 103. The facts found by the Court below are not reviewable by us, unless there is no evidence to support their finding. *Sikes v. Weatherly,* 110 N. C., 131; *Nicholson v. Cox,* 83 N. C., 48; *Stith v. Jones,* 119 N. C.,

428; or, where it appears that the discretion of the Judge has been abused. *Cowles v. Cowles,* 121 N. C., 272. And we can not say there was no evidence to support the findings of the Court below, nor an abuse of power.

We think this case is distinguishable from *Manning v. Railroad,* 122 N. C., 824. In that case the defendant employed Mr. Watts, a non-resident attorney, who had no right to practice in the Courts of this State, except by the courtesy of the Court and bar. And while it is true that Luther Porter, who lived in Minnesota, had been consulted by some of the defendants, he was one of the defendants in the action and did not expect to appear as counsel in the case; nor did his co-defendants expect him to do so, but at once proceeded to employ and pay attorneys living in this State who were regular attendants at Columbus Court.

We think it distinguishable from *Norton v. McLaurin,* 125 N. C., 185. That was an action of ejectment where it was necessary to give bond before answer could be filed. This was purely the duty of the defendant, and he neglected to give the bond. Besides, in that case the Court failed to find that the defendant had a meritorious defense.

It is also distinguishable from *Vick v. Baker,* 122 N. C., 98, where the negligence seems to have been entirely the negligence of the defendant.

It also seems to be distinguishable from *Cobb v. O'Hagan,* 81 N. C., 293, where the defendant lived within thirty-seven miles of the Court, but did not attend the same or give his case any attention whatever.

The judgment, it seems to us, is both irregular and erroneous, at least so far as it applies to the open accounts stated in the complaint. But the Judge refused to set aside the judgment on that account, and as the defendants did not appeal, that question is not before us.

But from the facts found, which are final, the Judge was

authorized in his discretion to set aside the judgment, which he did, and his ruling must stand. .

Affirmed.