C. G. HOLLAND, RECEIVER, v. EDGECOMBE BENEVOLENT ASSOCIATION.

(Filed 18 September, 1918.)

1. **Judgments — Excusable Neglect — Attorney and Client — Neglect of Attorney.**

    A client will be relieved against a judgment by default taken against him through the negligence of his attorney.

2. **Same—Neglect of Client.**

    A physician, the president of a corporation and having in charge an action against it, spoke to an attorney about representing the corporation and understood that he had undertaken to do so, contrary to the understanding of the attorney. At a term of the court when the attorney was sick in a hospital, under the physician's care, a judgment by default was taken against the corporation : *Held,* it was the duty of the physician, as president of the corporation, to question the attorney, and his neglect in not looking after the case and employing other counsel was not excusable.

MOTION to set aside judgment, heard before *Daniels, J.,* at April Term, 1918, of EDGECOMBE.

Motion denied. Defendant appealed.

*J. M. Norfleet for plaintiff.*
*Don Gilliam for defendant.*

BROWN, J. The facts found by the judge show that Dr. J. M. Baker was president of defendant corporation; that judgment was regularly taken against defendant by default at the close of March Term, 1918; that the said president had charge of the defense of the action, and in apt time. undertook to employ Donnell Gilliam, Esq., as attorney, residing in Tarboro, to defend the action. According to the findings, there is a dispute as to whether he actually employed said attorney. Dr. Baker

thought he had employed Mr. Gilliam, but the latter did not so understand it. It is needless to consider that phase of the case.

The court finds that Dr. Baker and Mr. Gilliam lived in Tarboro, and that, a few days before the court convened, Mr. Gilliam was confined in the hospital in said town, under the care of Dr. Baker and until several days after the adjournment of court, and that there was no conversation between them while he was in the hospital about the case until after the judgment had been rendered and the court had adjourned, when Dr. Baker learned from Gilliam that he had not considered himself employed.

We have consistently held that where the negligence is that of the attorney, and not of the client against whom a judgment by default is rendered, relief will be afforded the latter. Clark's Code, sec. 274, and cases cited; *Ellington v. Wicker,* 87 N. C., 14.

There was a misunderstanding as to whether the president of defendant, who had charge of this matter, had employed counsel. But however that may be, it is certain that the attorney was confined to his bed in Dr. Baker's hospital, before, during, and after the March Term of Edgecombe Court. The client, therefore, knew the attorney could not give the case his personal attention.

It was the client's duty to question the attorney in reference to the matter if he thought he had employed him, and while the attorney was ill under his care. Under such conditions it was such negligence upon the part of the client not to look after the case and to employ other counsel that the law does not excuse him. *Cohoon v. Brinkley,* this term.

Affirmed.