## J. W. MOORE v. HOWARD DEAL.

(Filed 15 January, 1954.)

**1. Judgments § 27a—**

The standard of care required of a litigant is that which a man of ordinary prudence usually bestows on his important business, but where a litigant employs a reputable attorney licensed in this State, the neglect of the attorney will not ordinarily be imputed to the client, provided the client is without fault.

**2. Same—**

A judgment will not be set aside on the ground of surprise or excusable neglect on motion of defendant unless defendant shows a real and substantial defense on the merits.

**3. Same: Appeal and Error § 40d—**

The findings of fact by the trial court on motion to set aside the judgment under G.S. 1-220 are conclusive on appeal when supported by any competent evidence, but conclusions of law made by the judge upon such facts are reviewable.

**4. Judgments § 27a—**

The trial court found that defendant employed a reputable attorney licensed in this State to defend the suit against him, that defendant was constantly in communication with the attorney who assured him that he was taking care of the matter, that defendant had been guilty of no neglect, but that judgment was taken against him through the inexcusable neglect of his attorney. *Held:* Such findings, supported by competent evidence, are sufficient to show excusable neglect on the part of the defendant.

**5. Same—**

While ordinarily the court upon a motion to set aside a judgment under G.S. 1-220 must find the facts upon which he bases his conclusion of a meritorious defense, and the Supreme Court will not consider affidavits for the purpose of making findings of fact on such motion, when the verified motion itself sets forth facts which, if believed, constitute a meritorious defense, the order setting aside the judgment may be upheld under the presumptions obtaining upon appeal.

**6. Appeal and Error § 38—**

The burden is on appellant not only to make error plainly appear but also to show that such error prejudicially affected a substantial right and that there is a reasonable probability that the result would be more favorable to him if the error had not occurred.

**7. Judgments § 27a—**

Where defendant pays a judgment obtained against him upon inquiry after default, but pays the judgment under protest upon the advice of his attorney upon execution issued upon the judgment, such payment is involuntary and does not constitute such laches as will preclude or estop him from moving to set aside the judgment under G.S. 1-220.

**8. Same—**

A judgment affirming the order of the clerk entering a judgment by default and inquiry does not preclude the defendant from moving thereafter to set aside the default judgment under G.S. 1-220.

BARNHILL, J., dissents.

APPEAL by plaintiff from *Pless, J.,* August Term 1953 of IREDELL.

A motion was made by the defendant under G.S. 1-220 to vacate a judgment by default and inquiry rendered by the Clerk of the Superior Court of Iredell County on 28 February 1953, and a verdict and judgment upon the inquiry rendered at the March Term 1953 of the Superior Court of the same county, on the ground of inexcusable neglect of his attorney.

The plaintiff filed a reply to the motion. The judge heard the evidence of the defendant and the plaintiff, and entered the following order:

"This cause was heard before the undersigned Judge upon the motion of the defendant to set aside the judgment by default and inquiry and the final judgment in this cause. Upon the affidavits and evidence, the court finds the following facts:

"Prior to the institution of this action the defendant engaged Bedford W. Black of Kannapolis, N. C., who was a reputable attorney, to represent him in all matters growing out of the collision between the vehicles of the plaintiff and the defendant on January 26th, 1952, said arrangement having been made approximately six months prior to the institution of this action. Following the institution of the action the said Black completely neglected his client's interests, in failing to file an answer within the time allowed by law or put the same into proper form, and further neglected his duties as an attorney in failing to take steps to protect his client from judgment by default and inquiry or from trial upon the inquiry. At all times the defendant was constantly in communication with the said Black who assured him that he was taking care of the matter, and the court finds as a fact that the defendant has been guilty of no neglect whatever, and that the neglect of Black under the circumstances is not imputable to the defendant Deal. The court further finds that the defendant has a good and meritorious defense to the plaintiff's cause of action, and that the matter is one for trial and determination by a jury where the parties have an opportunity to appear and have their day in court.

8—239

"The court is of the opinion and so finds, that following the rendition of the judgment that the defendant should have sought other counsel and taken further action before paying the judgment, but that he continued to rely upon the advice of Black, and upon his advice paid off the execution under protest without first seeking to have the judgment set aside or take other steps to protect himself. In so doing, the defendant demonstrated a gullibility that is hard to reconcile with proper diligence, but that the same does not constitute such laches as would defeat his motion nor estop him in presenting his position to the court.

"In view of the fact that other factors may later enter into the disposition of the amount paid by the defendant under execution to the plaintiff, the court does not at this time require the repayment of said amount by the plaintiff, reserving the authority to make such further orders in that connection as the determination of the case upon proper trial may require. The defendant consented to the court's action in this regard.

"Upon the foregoing findings and conclusions, it is now ORDERED that the judgment by default and inquiry before the Clerk and that the verdict and judgment upon the inquiry dated March .... 1953 be, and the same are hereby set aside.

"The defendant is allowed 30 days from this date in which to file answer or otherwise plead."

To the order rendered the plaintiff excepts and appeals.

*Baxter H. Finch, and William I. Ward, Jr., of the firm of Land, Sowers, Avery & Ward, for defendant, appellee.*

*J. G. Lewis, C. B. Winberry, of the firm of Adams, Dearman & Winberry, for plaintiff, appellant.*

PARKER, J. The plaintiff appellant in his brief admitted that the defendant Deal's attorney, Bedford W. Black, "was guilty of neglect, and even gross neglect. It is doubted that there has ever been a case before this Court where the neglect of the attorney was as great and as gross as the neglect of the defendant's attorney in this case." That defendant's attorney Black was guilty of inexcusable neglect of his client Deal's case is not debatable.

We have had many cases for decision as to when relief will be afforded to a client against whom a judgment by default has been rendered by the negligence of his attorney. The following general principles of law seem to be established by our decisions.

We held as far back as 1871 in *Griel v. Vernon,* 65 N.C. 76, that an attorney's neglect to file a plea is a surprise on the client whose failure to examine the record to ascertain that it had been filed is an excusable neglect.

We have held in a number of cases since that ordinarily a client is not charged with the inexcusable neglect of his attorney, provided the client himself has exercised proper care. *Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902; *Meece v. Commercial Credit Co.,* 201 N.C. 139, 159 S.E. 17; *Helderman v. Hartsell Mills Co.,* 192 N.C. 626, 135 S.E. 627; *Grandy v. Products Co.,* 175 N.C. 511, 95 S.E. 914; *Schiele v. Northstate Fire Ins. Co.,* 171 N.C. 426, 88 S.E. 764. "We have consistently held that where the negligence is that of the attorney, and not of the client against whom a judgment by default is rendered, relief will be afforded the latter." *Holland v. Benevolent Ass'n.,* 176 N.C. 86, 97 S.E. 150. See also *Gunter v. Dowdy,* 224 N.C. 522, 31 S.E. 2d 524.

"In considering the propriety of the order entered on the hearing of defendant's motion, we must remember that the excusability of the neglect on which relief is granted is that of the litigant, not that of the attorney. The neglect of the attorney, although inexcusable, may still be cause for relief." *Rierson v. York, supra,* and cases cited.

The standard of care required of the litigant is that which a man of ordinary prudence usually bestows on his important business. *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67; *Jones-Onslow Land Co. v. Wooten,* 177 N.C. 248, 98 S.E. 706.

The attorney employed "must be one licensed to practice in this State, and his negligence on which the prayer for relief is predicated must have been some failure in the performance of professional duties which occurred prior to and was the cause of the judgment sought to be vacated." 26 N. C. Law Review, p. 85. *Manning v. Railroad,* 122 N.C. 824, 28 S.E. 963; *Lumber Company v. Cottingham,* 173 N.C. 323, 92 S.E. 9.

A further requirement seems to be that the lawyer employed must be reputable, skilled and competent, and that the client must impart to him facts constituting his defense. *Sutherland v. McLean,* 199 N.C. 345, 154 S.E. 662; *Helderman v. Mills Co., supra.* However, the mere employment of counsel is not enough. *Lumber Co. v. Chair Co.,* 190 N.C. 437, 130 S.E. 12. The client may not abandon his case on employment of counsel, and when he has a case in court he must attend to it. *Roberts v. Allman,* 106 N.C. 391, 11 S.E. 424; *Pepper v. Clegg,* 132 N.C. 312, 43 S.E. 906.

The party seeking to set aside a default judgment must be without fault. *Kerr v. N. C. Joint Stock Land Bank of Durham,* 205 N.C. 410, 171 S.E. 367; *Abbitt v. Gregory,* 195 N.C. 203, 141 S.E. 587.

The defendant must have a real or substantial defense on the merits, otherwise the court would engage in the vain work of setting a judgment aside when it would be its duty to enter again the same judgment on motion of the adverse party. *Perkins v. Sykes,* 233 N.C. 147, 63 S.E. 2d

133; *Hanford v. McSwain,* 230 N.C. 229, 53 S.E. 2d 84; *Stephens v. Childers,* 236 N.C. 348, 72 S.E. 2d 849.

The findings of fact by the trial court upon the hearing of a motion to set aside a judgment under G.S. 1-220 are conclusive on appeal when supported by any competent evidence. *Carter v. Anderson,* 208 N.C. 529, 181 S.E. 750; *Craver v. Spaugh,* 226 N.C. 450, 38 S.E. 2d 525; *Hanford v. McSwain, supra.*

The conclusions of law made by the judge upon the facts found by him are reviewable on appeal. *Abbitt v. Gregory, supra; Hanford v. McSwain, supra;* McIntosh N. C. Prac. & Proc., p. 743.

The trial court found as facts that six months prior to the institution of this action the defendant engaged Bedford W. Black of Kannapolis, North Carolina, who was a reputable attorney, to represent him in all matters growing out of the collision between the vehicles of the plaintiff and the defendant on 26 January 1952; that Black completely neglected his client's interests, in failing to file an answer within the time allowed by law, and further neglected his duties as an attorney in failing to take steps to protect his client from judgment by default and inquiry or from trial upon the inquiry. At all times the defendant was constantly in communication with his lawyer who assured him that he was taking care of the matter and the court finds as a fact that the defendant has been guilty of no neglect whatever, and that under the circumstances the neglect of Black is not imputable to the defendant. There was plenary competent evidence to support such findings, and the lower court's conclusions are in accord with our decisions. The plaintiff in his brief admits Black was guilty of gross neglect. "The negligence of the attorney, upon the facts found, even if conceded, will not be imputed to defendant, who was free from blame." *Helderman v. Mills Co., supra.*

The trial lower court also found that the defendant has a good and meritorious defense, though he did not find the facts showing a meritorious defense. In *Parnell v. Ivey,* 213 N.C. 644, 197 S.E. 128, it is said: "As to meritorious defense the finding was 'and that defendants have a meritorious defense to the pending action.' This is not sufficient; there should be a finding of the facts showing a meritorious defense."

We do not consider affidavits for the purpose of finding facts ourselves on motions of this sort. *Cayton v. Clark,* 212 N.C. 374, 193 S.E. 404; *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955; *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287.

*Sutherland v. McLean, supra,* is a case where a motion was made under C.S. 600; now G.S. 1-220, to set aside a default judgment on the ground of negligence of the attorney. We quote from that case. "The point is made that the trial judge did not find that the defendant had a meritorious defense. There are decisions to the effect that a failure to make such

finding is fatal. There are decisions to the contrary. For instance, in *English v. English,* 87 N.C. 497, this Court said: 'Nor can we give our assent to the proposition that before setting aside the judgment, it was the judge's duty to have ascertained as a fact, whether there existed a meritorious defense to the action, since, that would necessitate a trial by the court, of all the issues involved, and be to anticipate the very purposes of the motion. The affidavit of the defendant sets forth facts which establish a *prima facie* defense, and that is all the law requires.'

"Indeed it is the duty of the court to state the facts constituting the defense in order that the Supreme Court may determine the merit of the question. *Winborne v. Johnson,* 95 N.C. 46; *Vick v. Baker,* 122 N.C. 98, 29 S.E. 64; *Gaylord v. Berry,* 169 N.C. 733, 86 S.E. 623.

"In the *Gaylord case, supra,* the court examined the affidavits filed and found therefrom a meritorious defense, although the trial judge found to the contrary and remanded the case for 'fuller findings of fact, with leave to file additional affidavits, if the parties are so advised.'

"In those cases in which no answer has been filed the nature of the defense must necessarily be presented by affidavits. In such event it would be necessary for the trial judge to find whether or not there was a meritorious defense. But in cases where the pleadings have been filed an inspection of the pleading itself will disclose to the reviewing court whether a meritorious defense was alleged. This perhaps explains the irreconcilable ruling of the court upon the subject. In support of this view it is perhaps more than significant that the following cases: *Bowie v. Tucker,* 197 N.C. 671, 150 S.E. 200; *School v. Peirce,* 163 N.C. 424, 79 S.E. 687; *Hardware Co. v. Buhmann,* 159 N.C. 511, 75 S.E. 731; *Norton v. McLaurin,* 125 N.C. 185, 34 S.E. 269; *Taylor v. Gentry,* 192 N.C. 503, 135 S.E. 327; *Albertson v. Terry,* 108 N.C. 75, 12 S.E. 892; *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287, were all cases in which no answer had been filed; and in these cases the absence of a finding of meritorious defense has been featured.

"In the case at bar an answer was filed in apt time and is here before us. An examination of the answer discloses that facts are alleged, which, if believed, would constitute a meritorious defense."

In this case a verified motion to set aside the judgment by default and inquiry and the verdict and judgment on the inquiry under G.S. 1-220 was made by the defendant. An examination of this motion discloses that facts are stated, which if believed, would constitute a meritorious defense. It would seem under the authority of *Sutherland v. McLean* that the order of the lower court should not be upset for failing to find the facts showing a meritorious defense. The practical rule of appellate procedure is that the burden is on the appellant to make it plainly appear that error affected prejudicially a substantial right belonging to him, and that there

is a reasonable probability that the result may be more favorable to him, if the error had not occurred. *Goode v. Barton,* 238 N.C. 492, 78 S.E. 2d 398; *Beaman v. R. R., ibid.,* p. 418, 78 S.E. 2d 182; *Call v. Stroud,* 232 N.C. 478, 61 S.E. 2d 342. However, the failure to find such facts is not approved.

The appellant contends in his brief that the court committed error in holding that the defendant's conduct did not constitute such laches as would defeat his motion and bar his right to the relief sought therein, and further committed error in not holding that payment of the judgment by the defendant put an end to the entire action.

Judgment by default and inquiry was rendered by the Clerk on 28 February 1953. The verdict and judgment on the inquiry was entered at the March Term 1953 of the Superior Court. "It (laches) is generally defined to mean negligent omission for an unreasonable time to assert a right enforceable in equity." *Stell v. Trust Co.,* 223 N.C. 550, 27 S.E. 2d 524. "Laches is such delay in enforcing one's rights as works disadvantage to another." 30 C.J.S. 520. The court was correct in holding that the defendant was not guilty of laches so as to defeat his motion or to estop him.

According to the findings of fact after the verdict and judgment on the inquiry was entered an execution on the judgment was entered, and that the defendant still relying upon his attorney Black and upon his advice paid off the execution under protest,

In *Pardue v. Absher,* 174 N.C. 676, 94 S.E. 414, we held that where a corporation has voluntarily paid off a judgment rendered against it without protest and with full knowledge of the facts, and the judgment has been canceled, the corporation may not recover back the money paid. In that case we quoted from 30 Cyc. 1302 as follows: "Payment of a judgment is voluntary unless made to procure the release of the goods of the party making the payment after seizure, or to prevent their seizure by an officer armed with the authority or apparent authority to seize them." Our decision in *Pardue v. Absher* seems to be the general rule. 31 Am. Jur., Judgments, p. 307; 70 C.J.S., Payment, p. 349.

"It has been held, however, that the payment of a judgment on execution is not a voluntary payment and does not operate as a waiver of the right to restitution . . . So the payor may recover money paid on an execution on a judgment when the judgment subsequently is reversed." 70 C.J.S., Payment, p. 349.

"On the other hand, there is authority for the rule that a judgment may be set aside even though it has been paid, where the payment is involuntary. Under this rule, the fact that the amount of a judgment has been collected by a levy and sale under execution does not preclude the vaca-

tion of the judgment." 31 Am. Jur., Judgments, p. 307; *Hays v. Sound Timber Co.,* 261 Fed. 571; 29 A.L.R. 1067.

When an attorney is licensed to practice in a state it is a solemn declara-ration that he is possessed of character and sufficient legal learning to justify a person to employ him as a lawyer. He is an officer of the court which should hold him to strict accountability for his negligence or mis-deeds, if he commits such. The client is not supposed to know the techni-cal steps of a lawsuit. "Where he employs counsel and communicates the merits of his case to such counsel, and the counsel is negligent, it is excusable on the part of the client, who may reasonably rely upon the counsel's doing what may be necessary on his behalf." *Whitson v. R. R.,* 95 N.C. 385—quoted in *Gwathney v. Savage,* 101 N.C. 103, 7 S.E. 661; *Schiele v. Ins. Co., supra.* The defendant has been gullible in his reliance on the advice of his attorney but considering that his attorney is an officer of the court, licensed to practice his profession in this State, we cannot say that such gullibility has barred his rights. The payment in this case was under protest, after an execution was issued on the judgment. The defendant paid it off under Black's advice. In no sense of the word was the payment voluntary. The lower court did not commit error in not holding that the payment of the judgment by the defendant under such circumstances put an end to the entire action.

In the Record appears the following order: "The judgment of the Clerk in this cause is affirmed by default and inquiry and it appearing to the court that defendant, after the rendition of the judgment by default and inquiry in this matter, appealed to this court contending that he had filed an answer herein;

"The court finding as a fact that the answer made by the attorney for defendant was not in order and was not verified or signed by the attorney or verified by the defendant, and that the same is not an answer and therefore the appeal is dismissed." This order bears no date, and has no signature. The appellant contends that this order has not been vacated or set aside by any subsequent order, that no appeal was taken from it, that this order became final, and is not subject to be set aside by the motion made by the defendant in this case. There is no merit to this contention because of the plain terms of G.S. 1-220.

When this case is heard by a judge and jury upon the merits, the de-fendant may or may not prevail. However, it would be a grave reflection upon the law, if it did not give to the defendant an opportunity to have his day in court after he has been the victim of such gross neglect on the part of his lawyer, an officer of the court.

The judgment of the lower court is

Affirmed.

BARNHILL, J., dissents.