WILLIAMS LUMBER COMPANY, A CORPORATION v. J. T. TAYLOR, JR., AND WIFE, DORA W. TAYLOR

No. 702DC221

(Filed 27 May 1970)

1. **Judgments § 34— motion to set aside judgment — conclusiveness of findings**

    Findings of fact by the trial court upon the hearing of a motion to set aside a judgment are conclusive on appeal when supported by any competent evidence.

2. **Judgments § 25— default judgment — defendant's excusable neglect**

    Where a defendant employs a reputable attorney and is guilty of no neglect himself, and the attorney fails to appear and answer, the law will excuse defendant and afford relief.

3. **Judgments § 25— default judgment — defendant's excusable neglect — reliance on attorney**

    The trial court properly set aside a default judgment on the ground that the failure of defendant's to file answer was occasioned by their excusable neglect in relying upon the assurance of their attorney that he would prepare the necessary defensive pleadings or obtain an extension of time in which to do so, where there was evidence that defendants not only mailed the complaint to their attorney with a request that he prepare answer, but also outlined in a letter to him the facts relied upon as their defense, conferred with him personally concerning the preparation of a defense, and obtained the attorney's personal commitment that he would prepare the pleadings or obtain an extension of time.

4. **Arbitration § 2— agreement to arbitrate as bar to contract action**

    An executory agreement to arbitrate controversies which might arise under a contract does not bar a legal action on the contract.

5. **Judgments § 29; Arbitration § 2— default judgment — defendants' meritorious defense — effect of arbitration agreement in contract**

    In a hearing to set aside a default judgment, the fact that the contract

sued upon by the corporate plaintiff contained an arbitration provision did not preclude the defendants from asserting a breach of the contract as a meritorious defense to the plaintiff's action, especially where the plaintiff in its complaint had raised the issue of the performance of the contract.

APPEAL by plaintiff from *Ward, District Judge,* 31 October 1969 Session of WASHINGTON County District Court.

Plaintiff filed complaint on 30 January 1969 seeking to recover from defendants $5,000 deposited by plaintiff as security for its performance of a contract for the cutting of timber from certain land owned by defendants. Plaintiff alleged full compliance with the contract. Summons issued on 28 January 1969, and both defendants were served on 3 February 1969.

Defendants did not answer or otherwise plead, and on 3 April 1969 the Clerk of Court entered judgment against them by default final. Three weeks later defendants filed a motion in the cause seeking to have the judgment set aside. On 22 October 1969, their motion was amended, by leave of the court, to more specifically set forth allegations of an affirmative defense. The motion as amended alleged in substance the following: The day following service of the complaint defendants sent the pleadings, together with a letter to David S. Henderson, Attorney at Law, requesting that he answer the complaint and inquire into the matter of proper venue. The pleadings were placed in the attorney's files and through his inadvertence and excusable neglect the expiration date for the filing of answer was overlooked. On the question of a meritorious defense, the motion alleged the failure of plaintiff to comply with the contract in several material respects and denied the right of plaintiff to have the deposit returned.

Affidavits were offered in support of the motion and on 31 October 1969, Judge Hallett S. Ward made written findings from which he concluded that the neglect of defendants in failing to file an answer was excusable and that they had a meritorious defense. He thereupon ordered the default judgment vacated and allowed defendants ten days in which to file answer or otherwise plead. Plaintiff appealed from this order.

*Norman, Rodman & Hutchins by R. W. Hutchins for plaintiff appellant.*

*Robert G. Bowers for defendant appellees.*

GRAHAM, J.

The sole question raised by this appeal is whether the court erred in determining that the failure of defendants to file answer or otherwise plead was occasioned by their excusable neglect, and that they have a meritorious defense to the action.

[1]   Findings of fact by the trial court upon the hearing of a motion to set aside a judgment are conclusive on appeal when supported by any competent evidence. *Moore v. Deal,* 239 N.C. 224, 79 S.E. 2d 507; *Hodge v. First Atlantic Corp.,* 6 N.C. App. 353, 169 S.E. 2d 917. On the question of excusable neglect the court made the following findings:

> "1.   The complaint in this cause was served on the defendants on or about the 3rd day of February, 1969; that on or about the 4th day of February, 1969, the defendant, J. T. Taylor, Jr., sent the pleadings, together with a letter, to David S. Henderson, a regular practicing attorney of New Bern, North Carolina, requesting that he answer the subject complaint; that said letter, copy of which is attached to the defendant's affidavit, contained information concerning the circumstances of this law suit and the defendants' defense; that thereafter the defendant, J. T. Taylor, Jr., conferred personally with said Attorney regarding the preparation of his defense to said suit, and said Attorney agreed to represent said defendants and to prepare the necessary defensive pleadings or obtain an extension of time, if the same became necessary; that subsequently said defendant and his attorney conferred again regarding the defense of said suit; that on or about the 3rd day of April, 1969, the plaintiff applied for and secured a judgment by default; that the inadvertance on the part of said Attorney to file defensive pleadings or obtain extension of time to file pleadings within the time allowed, is not imputed to the said defendants."

[2, 3]   The above findings are fully supported by an affidavit of the male defendant which was introduced at the hearing. It is well settled in this jurisdiction that where a defendant employs a reputable attorney and is guilty of no neglect himself, and the attorney fails to appear and answer, the law will excuse defendant and afford relief. *Brown v. Hale,* 259 N.C. 480, 130 S.E. 2d 868; *Moore v. Deal, supra; Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902; *Gunter v. Dowdy,* 224 N.C. 522, 31 S.E. 2d 524; *Stallings v. Spruill,* 176 N.C. 121, 96 S.E. 890. "When an attorney is licensed to practice in a state it is a solemn declaration that he is possessed of character and sufficient legal learning to justify a person to employ him as a lawyer."

*Moore v. Deal, supra.* Here defendants not only mailed the complaint to their attorney with a request that he prepare answer, they outlined in a letter to him the facts relied upon by them as their defense, conferred with him personally concerning the preparation of a defense and obtained a personal commitment from him that he would prepare the necessary defensive pleadings or obtain an extension of time. In our opinion defendants were entitled to rely upon the assurance of the attorney that he would prepare the necessary defensive pleadings or obtain an extension of time in which to do so. The attorney's neglect in failing to carry out this duty which he had assumed is not imputable to defendants absent some neglect on their part. See *Hodge v. First Atlantic Corp., supra,* and cases therein cited.

**[4, 5]**   The finding by the court that defendants have a meritorious defense to the action is also fully supported by the evidence. Plaintiff contends, however, that the contract, which provides that any dispute arising thereunder be submitted to arbitration, precludes defendants as a matter of law from asserting the breach of the contract by plaintiff as the defense to this action and thereby leaves defendants without any possible meritorious defense. Such is not the case. An executory agreement to arbitrate controversies which might arise under a contract does not bar a legal action on the contract. *R. R. v. R. R.,* 240 N.C. 495, 82 S.E. 2d 771; *Skinner v. Gaither Corp.,* 234 N.C. 385, 67 S.E. 2d 267; *Hargett v. DeLisle,* 229 N.C. 384, 49 S.E. 2d 739. Moreover, the issue of the performance of the contract was raised here by plaintiff in its complaint. Under the contract plaintiff is entitled to recover the $5,000 deposited with defendants less any damages to which the defendants may be entitled because of plaintiff's failure to perform its obligation under the contract. Plaintiff alleges in its complaint that it has fully complied with the terms of the contract. If the arbitration provision would bar defendants from claiming as a defense in this action that the contract was breached, it would also bar plaintiff from alleging that it has been properly performed.

Defendants' motion to vacate the judgment was filed and heard pursuant to G.S. 1-220 which was repealed on 1 January 1970. The provisions of G.S. 1-220 are now incorporated in G.S. 1A-1, Rule 60.

The order appealed from is affirmed.

MALLARD, C.J., and MORRIS, J., concur.