THE NORTHWESTERN BANK, ELKIN, N. C. v. CLIFFORD MORRISON AND WIFE, GLADYS C. MORRISON

No. 8217DC279

(Filed 15 February 1983)

1. **Rules of Civil Procedure § 41; Trial § 3.1— denial of motion to set aside default judgment—hearing motion in absence of defendants' attorney—denial of motion for continuance—no abuse of discretion**

    The trial judge did not commit prejudicial error in hearing a motion to set aside a default judgment in the absence of defendants' attorney where the evidence tended to show that the court calendar informed the parties that the motion was to be heard on 18 January; neither defendants nor their counsel were present; the court rescheduled the matter for 19 January; the attorney for defendants was not present at the afternoon session, although defendants were present; there was a conflict as to whether or not the attorney for defendants asked for a continuance; however, it was apparent none was granted; and in spite of a directive by the trial judge to be present at the afternoon session, defendants' attorney failed to appear.

2. **Courts § 14.1; Rules of Civil Procedure § 55.1— pending motion to transfer case—refusal to set aside judgment—no error**

    Under G.S. 7A-258(c), the trial judge did not err in refusing to set aside a default judgment when there was a pending motion to transfer the case to superior court since defendants did not move to transfer their case within 30 days after being served with a pleading.

APPEAL by defendants from *Martin, Judge.* Judgment entered 19 January 1982 in District Court, SURRY County. Heard in the Court of Appeals 20 January 1983.

This is a suit on a debt due plaintiff under notes which allegedly were in default. Defendants appeal from an order of the trial court denying their motion to set aside a default judgment.

*Randleman, Randleman & Randleman, by R. Kirk Randleman, for plaintiff-appellee.*

*Franklin Smith for defendant-appellants.*

HILL, Judge.

The trial judge made findings of fact showing substantially the following:

A summons and complaint demanding $66,255.77 plus interest and reasonable attorney fees of $9,938.36 were served on defend-

ants on 29 August 1981. Defendants failed to file an answer within the appropriate time. On 9 October 1981, an affidavit and motion for entry of default was filed, and entry of default was entered by the Clerk of Superior Court of Surry County. On the same day, judgment was entered in favor of the plaintiff.

On 13 October 1981, defendants through their attorney filed a motion to set aside the default judgment which was properly calendared for the civil term of district court of Surry County commencing 18 January 1982. When the case was called on 18 January 1982, defendants did not answer, and plaintiff through its attorney was present and ready to proceed. The matter was rescheduled for 19 January 1982, when defendants and plaintiff through their counsel were present. Counsel for defendants was present for the morning session but not for the afternoon session of court. Counsel for defendants did not request a continuance, but informed the court that he would not be present at the afternoon session. Although the judge told counsel for defendants to be present at the afternoon session, counsel for defendants failed to appear.

The case was properly called on 19 January 1982. Defendants and counsel for plaintiff were present. Both defendants were given an opportunity by the court to introduce evidence regarding the merits of the motion to set aside but declined to do so, indicating they wished to rely on their attorney.

Based on the foregoing and pursuant to Rule 41(b) of the North Carolina Rules of Civil Procedure, the trial judge concluded the motion was not justified, and dismissed with prejudice the motion to set aside the judgment.

Defendants through their counsel filed an affidavit challenging the findings of fact stating that counsel had informed the trial judge that he had to be in Alleghany County District Court at 2:00 p.m. on 19 January 1982, and further that he had requested a continuance until the following day. Defendants' attorney offered evidence tending to show he had been in district court in Alleghany County at the time of trial. Counsel also submitted an affidavit from the court reporter showing that defendants' counsel had asked for a continuance because he had to be in Alleghany County that day.

Defendants bring forth three assignments of error, but we conclude the matter is dispositive on the issue of whether the trial judge committed prejudicial error in hearing the motion to set aside in the absence of defendants' attorney. We affirm the decision of the trial court.

[1] The defendants had their day in court. The court calendar informed the parties that the motion was to be heard on 18 January 1981. Neither defendants nor their counsel were present. The court rescheduled the matter for 19 January 1981. The attorney for the defendants was not present at the afternoon session, although defendants were present. Whether or not the attorney for defendants asked for a continuance, it is apparent none was granted by the trial judge. In spite of a directive by the trial judge to be present at the afternoon session, defendants' attorney failed to appear. Rather, he went to a district court in an adjoining county. Defendants apparently knew the case would be tried, for they remained in the courtroom during the time of trial.

Findings of fact made by the trial judge upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence. *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507 (1954). It is our opinion, and we so hold, that in the instant case there is competent evidence to support the findings of fact. We now examine the question whether the findings of fact support the conclusion.

Knowing defendants' attorney was not present, did the trial judge err in proceeding on the motion? Clearly, this was a matter within his discretion, and he did not abuse his discretion. The trial judge is responsible for operating the court in a judicious manner. It is apparent the attorney failed to heed the order of the judge to attend court at the appointed time.

Ordinarily, a client is not charged with the inexcusable neglect of his attorney, provided the client has exercised proper care. *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E. 2d 148, *disc. rev. denied*, 291 N.C. 176, 229 S.E. 2d 689 (1976). Nevertheless, the trial judge's action was substantiated by the facts before him. He had on his own motion continued the case once for the benefit of defendants. He had directed defendants' attorney to be present. He gave defendants an opportunity to present evidence. According to his findings of fact:

[B]oth defendants did not desire to offer any evidence on their motion. And further that no evidence was introduced as to the merits of the motion of the defendants although both defendants were given an opportunity by the Court to do so . . . .

Opposing parties have some rights in the trial of a lawsuit. Here, plaintiff waited a reasonable period after the time for answering the complaint had expired before proceeding to judgment by default. Plaintiff was present in court when the case was called for trial and on the day to which the case was continued. Plaintiff's rights and time along with that of plaintiff's attorneys are of equal importance with that of defendants.

[2] Defendants' argument that the court erred in refusing to set aside the judgment when there was pending a motion to transfer the case to the superior court is without merit. G.S. 7A-258(c) provides:

A motion to transfer by any party other than the plaintiff must be filed within 30 days after the moving party is served with a copy of the pleading which justifies transfer . . . .

Defendant appellants were served with copies of the complaint on 29 August 1981. The motion to transfer to superior court was filed 13 January 1982. G.S. 7A-257 provides: "Failure of a party to move for transfer within the time prescribed is a waiver of any objection to the division, except that there shall be no waiver of the jurisdiction of the superior court division in the probate of wills and administration of decedents' estates . . . ."

This assignment is overruled.

The order of the trial court is

Affirmed.

Judges ARNOLD and WHICHARD concur.