MRS. ELLA G. HOLCOMB v. W. H. HOLCOMB.

(Filed 10 November, 1926.)

**Appeal and Error—Judgments—Default—Findings—Review.**

Where the Superior Court judge has made no findings of fact upon which he has refused to set aside a judgment by default for "mistake, inadvertence, surprise or excusable neglect," and the defendant has not requested him to do so, there is nothing before the Supreme Court on appeal upon which it may predicate a decision, and the judgment below will be affirmed.

APPEAL by defendant from *Lyon, J.,* at March Term, 1926, of SURRY. Motion to set aside judgment by default final, rendered by the clerk of the Superior Court of Surry County on 22 September, 1924. Motion denied, and this ruling was affirmed on appeal to the Superior Court at March Term, 1926. The defendant appeals.

*W. L. Reece and J. H. Folger for plaintiff.*
*W. F. Carter for defendant.*

STACY, C. J. This is an appeal from a refusal to set aside a judgment by default final on the ground of "mistake, inadvertence, surprise or excusable neglect," under C. S., 600. The judge, not being requested to do so, found no facts upon which he based his ruling. *Carter v. Rountree,* 109 N. C., 29. In the absence of such finding, it is presumed that the judge, upon proper evidence, found facts sufficient to support his judgment. *McLeod v. Gooch,* 162 N. C., 122. Hence, there is nothing for us to review. *Osborn v. Leach,* 133 N. C., 428. "We do not consider affidavits for the purpose of finding facts ourselves in motions of this sort." *Gardiner v. May,* 172 N. C., 192. It would have been error for the judge not to have found the facts, had he been requested to do so. *McLeod v. Gooch, supra.* But he is not required to make such finding in the absence of a request by some of the parties. *Lumber Co. v. Buhmann,* 160 N. C., 385. See *Norton v. McLaurin,* 125 N. C., 185, for full discussion of the subject.

Affirmed.