### T. C. BOWIE v. H. C. TUCKER AND MARTHA TUCKER.

(Filed 28 February, 1934.)

**Judgments D b—Upon judgment by default and inquiry only question of damages is open for determination.**

In an action to recover for one-half the value of a wall built by plaintiff on his property and used by defendant by connecting the fence on his property thereto, a judgment by default and inquiry was entered for defendant's failure to answer plaintiff's amended complaint, filed by leave

of court after demurrer filed by defendant to the original complaint had been sustained. *Held,* the only question open for determination upon the hearing was what was one-half the value of the wall at the time of the rendition of the judgment by default and inquiry, and an issue and instruction confining the jury to this point will not be held for error, and the jury's verdict after hearing the evidence and defendant's testimony in mitigation of damages that he had disconnected his gate from the wall, is upheld on appeal. C. S., 593, 596.

APPEAL by defendants from *Clement, J.,* and a jury, at July Term, 1933, of ASHE. No error.

The amended complaint of plaintiff and judgment by default and inquiry is as follows: "By leave of court the plaintiff files the following amended complaint: (1) That the defendants are the owners of lots Nos. 6, 7, 8, 9, and 10, in block No. 43, of the first addition to the town of West Jefferson, North Carolina, north of which there is a ten-foot public alley, which was dedicated to the town of West Jefferson by the West Jefferson Land Company by plat of 19 May, 1915, which is duly recorded in the office of the register of deeds of Ashe County, in Book S-1, pages 600 and 601, and that said alley at the time the plaintiff purchased his property from the West Jefferson Land Company was open and remained open until the defendants closed the same, as will hereinafter appear. That the plaintiff is the owner of the property north of said alley and the northern portion of blocks Nos. 43, 42 and 41 of said addition. (2) That the plaintiff has erected a brick and concrete wall on the north side of said alley and along the plaintiff's property line and entirely on the plaintiff's property, and that the defendants, without the knowledge or consent of this plaintiff, have closed up said alley and have joined their fence to plaintiff's brick and concrete wall and are using the same for the northern boundary of their lots and thus closing up and are attempting to appropriate to their own use said alley and have refused to remove said fence and connection of their fence to the plaintiff's wall and have refused to open said alley, although they have been duly notified to do so; that the defendants have run their fence across said alley and joined it to the plaintiff's wall at three points, two points on block No. 43 and one on blocks Nos. 42 and 41; that a reasonable cost of the wall along the plaintiff's property line is $3,000, and the plaintiff prays that the defendants be required to pay the sum of $1,500 as a reasonable sum for the use of said wall, which is now being used and appropriated by the defendants as the northern boundary of their property.

That the defendants, without the knowledge or consent of this plaintiff, used and appropriated the woven wire and stakes that the plaintiff removed from along the boundary line between himself and said alley north of block No. 43, which is reasonably worth $50.00.

Wherefore, plaintiff prays that the defendants be required to remove their fence and connection from plaintiff's wall and open said alley, and that they be permanently restrained from the connecting of their fence to plaintiff's wall and from obstructing said alley, or that they be required to pay the plaintiff the sum of $1,500 damages, and the cost of this action, and that the plaintiff have such other and further relief as he is entitled under the pleadings in this cause. —C. W. Higgins, attorney for plaintiff. (Verified 7/21/28.)"

"*Judgment of C. S. C. by Default and Inquiry.* This cause coming on to be heard before the undersigned clerk of Superior Court of Ashe County on this Monday the 4th day of March, 1929, and it appearing to the court that summons was issued in the above entitled cause on 24 April, 1928, and personally served on each of the defendants by leaving a copy of summons and copy of complaint with each of the defendants; and it also appearing to the court that the plaintiff filed a duly verified complaint in said cause on 24 April, 1928, and that on 26 April, 1928, the defendant filed a demurrer to said complaint, and that at the July Term of Superior Court of Ashe County, 1928, said demurrer was heard by his Honor, John H. Clement, judge presiding, and a judgment was signed sustaining the demurrer of the defendants and giving the plaintiff forty days to file an answer to said amended complaint; it also appearing to the court that the plaintiff filed an amended complaint on 21 July, 1928, and a copy of same was mailed to the defendants' counsel on said date; it further appearing to the court that the defendants have never answered said amended complaint:

It is, therefore, upon motion of plaintiff in this action, considered and adjudged that the plaintiff is entitled to a judgment by default and inquiry for the value of one-half of the brick wall erected by the plaintiff on his premises as described in the complaint to which the defendants have joined their fence and are utilizing; which one-half value shall be determined by a jury upon proper issues submitted to them as provided by sections 595-6-7 of the Consolidated Statutes of North Carolina. This Monday, 4 March, 1929.—J. D. Stansberry, clerk of Superior Court."

The issue submitted to the jury and their answer thereto is as follows: "What is the value of one-half of the brick wall which the defendants attached their fence, without the plaintiff's permission? Answer: $1,000."

The court below rendered judgment on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court. The other facts necessary will be set forth in the opinion.

*C. W. Higgins and R. A. Doughton for plaintiff.*
*W. B. Austin for defendants.*

CLARKSON, J. In *Bowie v. Tucker,* 197 N. C., 671, the judge of the Superior Court found that in not answering plaintiff's complaint that the defendants were entitled to have the judgment by default and inquiry set aside on the ground of excusable neglect and reversed the judgment of the clerk. Plaintiff appealed to this Court and this Court reversed the judgment of the court below. The decision in part is as follows at p. 672: "The clerk gave judgment by default and inquiry and the defendants made a motion before him to set aside the judgment on the ground of excusable neglect. The motion was denied, and upon appeal the clerk's judgment was reversed. C. S., 600. An applicant for relief under this section must show a meritorious defense, as well as excusable neglect. *Dunn v. Jones,* 195 N. C., 354; *Crye v. Stoltz,* 193 N. C., 802; *Helderman v. Mills Co.,* 192 N. C., 626. Conceding that there is sufficient evidence of excusable neglect to support the finding to this effect, we have discovered no evidence whatever, and of course there is no finding, of a meritorious defense. . . . This is the substance of the amended complaint, which the plaintiff is entitled to establish by competent evidence, unless the defendants disconnect their fence from the plaintiff's wall and reopen the alley, the plaintiff alternately asking either this relief or damages for the alleged wrong."

At the close of plaintiff's evidence and at the close of all the evidence, the defendants made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we can see no error. The plaintiff's evidence was sufficient to be submitted to a jury, the question was solely one of damage under the default and inquiry judgment. N. C. Code of 1931 (Michie), sections 593-596. "A judgment by default is one thing; a judgment by default and inquiry consists of two things. There are two kinds of judgments by default—one final, the other interlocutory. In actions sounding in damages the interlocutory judgment, which is rendered for want of an answer, is an admission or confession of the cause of action; and there follows a writ of inquiry by means of which the damages are to be assessed." *Junge v. MacKnight,* 137 N. C., 285, 288.

A judgment by default and inquiry for the want of an answer establishes the cause of action and leaves the question of the amount of damages open to the inquiry. *Plumbing Co. v. Hotel Co.,* 168 N. C., 577. *Armstrong v. Asbury,* 170 N. C., 160, but the burden of proving any damages beyond such as are nominal still rests upon the plaintiff. *Hill v. Hotel Co.,* 188 N. C., 586.

A judgment by default and inquiry is conclusive that the plaintiff has a cause of action and entitles him to nominal damages without further proof. *Foster v. Hyman,* 197 N. C., 189.

The exception and assignment of error made by defendants as to the issue submitted by the court below cannot be sustained. The issue and verdict is as follows: "What is the value of one-half of the brick wall which the defendants attached their fence, without the plaintiff's permission? Answer: $1,000."

The issue submitted arises on the pleadings and present to the jury the inquiry as to the essential matter or determinative fact in dispute. *Grier v. Weldon,* 205 N. C., 575.

The judgment by default and inquiry on the allegations in the complaint settles this matter and we are confined to what it clearly states: "Considered and adjudged that the plaintiff is entitled to a judgment by default and inquiry for the value of one-half of the brick wall erected by the plaintiff on his premises as described in the complaint to which the defendants have joined their fence and are utilizing; which one-half value shall be determined by a jury upon proper issues submitted to them, as provided by sections 595-6-7 of the Consolidated Statutes of North Carolina."

Where no answer is filed then the relief shall not exceed that demanded in the complaint. *Jones v. Mial,* 82 N. C., 252; C. S., 606. The court below charged the jury as follows: "Now the clerk has found, in this judgment rendered here, that the defendant was entitled to pay for one-half of the wall built by the plaintiff. Then it is your duty, your mission, to find out what a fair value of one-half of that wall built by the plaintiff as described in the complaint, was or is, or was of 4 March, 1929, when the judgment was rendered.

You are not required to find out in this case or to decide whether the plaintiff built a wall or not. Neither are you required to find out whether the defendant built his fence or attached his fence to the wall built by the plaintiff, that has already been decided and a judgment has been rendered setting that out and the judgment providing that a case should be submitted to a jury to decide what was a fair market value of one-half of this wall."

We do not think this exception and assignment of error made by defendants to the charge of the court below above set forth, can be sustained. The plaintiff was the owner of blocks 43, 42 and 41 and had built the wall for the distance of about 530 feet. Defendants owned lots 6, 7, 9, 8 and 10 in block 43 and the lots of defendants extended for a distance of about 250 feet along said wall and defendants joined their fence to the plaintiff's wall at only two points in block 43. The defendants also own block No. 40, as appears on the map, and closed the alley

between the north and south portions of block No. 40, and extended a fence along the south side of the alley through block 40 and across Fourth Street, and erected a gate across said alley about the north end, between the line of lots 6 and 7 on block 41 and there again joined their fence to the plaintiff's brick wall, utilizing this end of the brick wall as a part of their enclosure around their property in the northern portion of block 40. Any contention in reference to this matter is concluded in the judgment by default and inquiry. The record discloses that the following was sent: "To H. C. Tucker: You are hereby notified to remove the gate and fence that you have joined to my brick wall on the south side of my premises in the town of West Jefferson, N. C., and put your fence back on the line on the south side of the alley between my property and your property, and do so within five days from the date of this notice, or I will sue you for one-half of the value of said wall and also apply to the court for a restraining order, restraining you from joining this fence to my wall. This 11 April, 1928.   T. C. Bowie."

The defendant went into all these matters that are disputed, in his testimony. He even testified: "I will state that there is no alley between my property and Mr. Bowie's and never has been. There is a driveway that I use to get into my wood shed, going in and out, but no one else has ever used it."

A deed was introduced by plaintiff from E. A. McNeill, to defendants after describing the land purchased. "And known as lots Nos. 6, 7, 8, 9, and 10, block 43 (No. 43) situated on First Street and Church Avenue; for specific description and location of said lots, reference is hereby made to the plan and blueprint of said town of West Jefferson, which is registered in the office of the register of deeds of Ashe County, North Carolina, in Book R-1, page 600, to which reference is hereby made."

The blueprint as part of the record in this Court shows the alley. The defendant, H. C. Tucker, testified on cross-examination: "I disconnected my gate from the wall, it has been open for a year or more." This matter, if one of partial defense, we do not think it material on this record. The defendants contended there was no alley to open. The jury heard this contention and we do not see that it is prejudicial or reversible error. As to the value, defendant Tucker, said: "I could place no value on the wall as there would be no value so far as I am concerned, and no particular value to any individual that I could see."

J. A. Weaver, a witness for defendant, testified: "I am familiar with H. C. Tucker's property, and the wall built by Mr. Bowie between Mr. Bowie and Mr. Tucker. I was in West Jefferson at the time the wall was built. I have an opinion satisfactory to myself as to value of the wall on 4 March, 1929. In making up the value of this wall for the

purpose of this fence it would not be more than $1.00 per foot. 250 feet of this wall is along Mr. Tucker's property."

The exceptions and assignments of error made by defendants cannot be sustained. The jury, the triers of the facts, heard all the evidence and rendered their verdict. The plaintiff contended that the wall cost about $4,000. The verdict was for $1,000. The court below in a careful charge applied the law applicable to the facts. We find in law

No error.