H. P. PARNELL AND HIS WIFE, LUCY M. PARNELL, v. H. C. IVEY AND HIS WIFE, FLORA IVEY.

(Filed 25 May, 1938.)

**Judgments § 23——**

    In setting aside a judgment under C. S., 600, the court is required to find the facts not only in regard to the excusable neglect relied on, but also the facts in regard to meritorious defense, and a finding of a "meritorious defense" without finding the facts showing a meritorious defense, is insufficient.

APPEAL by plaintiffs from *Hamilton, Special Judge,* at October Term, 1937, of CUMBERLAND. Error.

The issues submitted to the jury indicate the controversy. These issues and the answers thereto were as follows:

"1. Did the defendants, on or about 23 November, 1927, convey, by deed to the plaintiffs, in fee simple, for a valuable consideration, a tract

of land and farm in Cumberland County, containing 50 acres, more or less?   Ans.: 'Yes.'

"2. Did the defendants, in said deed, covenant and warrant to the plaintiffs that said lands and farm were free and clear from all liens and encumbrances?   Ans.: 'Yes.'

"3. Were said lands and farm, at the time of the execution and delivery of said deed, free and clear from all liens and encumbrances?   Ans.: 'No.'

"4. If not, what amount of valid liens existed thereon at the date of said delivery of said deed on 23 November, 1927?   Ans.: '$850.00.'

"5. What amount of money have the plaintiffs been compelled to pay said lifeholder for the satisfaction of said lien and redemption of said lands?   Ans.: '$301.20.'

"6. What amount of damages, if any, are the plaintiffs entitled to recover of the defendants in this action?   Ans.: '$301.20, and interest from 31 December, 1934.' "

The court below rendered judgment for plaintiffs on the verdict.   The defendants made a motion, under N. C. Code, 1935 (Michie), sec. 600, to set aside the judgment.   The court below rendered the following findings: "The court finds as a fact that defendants' counsel was not furnished copy of court calendar, did not know court was in session, though his name appeared on the calendar as attorney of record, and is excusable under attending circumstances, and that defendants have a meritorious defense to the pending action."

The plaintiffs excepted, assigned error to the above findings and also made other exceptions and assignments of error and appealed to the Supreme Court.

*R. L. Godwin for plaintiffs.*
*L. L. Levinson and J. R. Barefoot for defendants.*

CLARKSON, J.   Section 600, *supra,* is, in part: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," etc.

In *Hooks v. Neighbors,* 211 N. C., 382 (385), is the following: "In order to set aside a judgment for mistake, surprise, or excusable neglect, there must be a showing of a meritorious defense so that the courts can reasonably pass upon the question whether another trial, if granted, would result advantageously for the defendant. *Bank v. Duke,* 187 N. C., 386; *Hill v. Hotel Co.,* 188 N. C., 586; *Fellos v. Allen,* 202 N. C., 375.   A judgment may be set aside under this section if the moving party can show excusable neglect and that he has a meritorious defense.

*Dunn v. Jones,* 195 N. C., 354, 356; *Chevrolet Co. v. Ingle,* 202 N. C., 158; *Bowie v. Tucker,* 206 N. C., 56, 59."

The court below as to the attorney found the facts. As to meritorious defense the finding was "and that defendants have a meritorious defense to the pending action." This is not sufficient; there should be a finding of the facts showing a meritorious defense. See *Clayton v. Clark,* 212 N. C., 374; *Meece v. Commercial Credit Co.,* 201 N. C., 139.

In the judgment of the court below there is

Error.