J. T. SPRINKLE AND WIFE, LULA SPRINKLE; MRS. MINNIE V. PETTI-
GREW (WIDOW); B. F. SPRINKLE (UNMARRIED); R. L. SPRINKLE AND
WIFE, LILLIAN SPRINKLE, PHILIP E. SPRINKLE AND WIFE, MAR-
GARET SPRINKLE; MRS. JUANITA KIMSEY (WIDOW); REGINALD
F. SPRINKLE AND WIFE, ANNIE YOUNG SPRINKLE, v. H. L. SPRINKLE
AND WIFE, OLIE SPRINKLE, AND H. C. SPRINKLE AND WIFE, SIBIL
SPRINKLE; PHILIP E. SPRINKLE AND BENJAMIN F. SPRINKLE,
EXECUTORS OF THE ESTATE OF IDA A. SPRINKLE, DECEASED.

(Filed 23 March, 1955.)

**Judgments § 27a—**

Upon a motion to vacate an order on the ground that it was entered with-
out notice, G.S. 1-582, it is the duty of the court upon request to find the
facts not only in respect to the grounds upon which the motion is made,
but as to the meritorious defense, the rules as to the setting aside a judg-
ment for surprise and excusable neglect under G.S. 1-220, being applicable.

BARNHILL, C. J., took no part in the consideration and decision of this case.

APPEAL by respondent H. L. Sprinkle from *Fountain, S. J.,* at Sep-
tember Civil Term 1954, of ROCKINGHAM.

Special proceeding for partition of certain lands in Rockingham
County, North Carolina, of which petitioners and defendants were ten-
ants in common, heard upon duly verified motion of defendant H. L.
Sprinkle, dated 20 February, 1954, entered in the cause, to set aside judg-
ment and order of *Gwyn, J.,* dated 16 December, 1953, rejecting claim of
H. L. Sprinkle for reimbursement of expenses incurred in connection with
the sale of the property, upon grounds of mistake, inadvertence, surprise
or excusable neglect, and that he has a meritorious defense, and that the
order was made out of court and without notice.

The motion came on for hearing before the Judge presiding at Septem-
ber Civil Term 1954, who "having heard affidavits by the movant and oral
evidence of the plaintiffs, and being of the opinion that the evidence is
insufficient to show any inadvertence on the part of the court in entering
said judgment and order dated December 16, 1953, and . . . to show that
any false representations were made by counsel for the plaintiffs and the
commissioners to the court, and . . . therefore being of the opinion that
said motion should be denied," entered order, dated 7 September, 1954,
denying the motion.

Defendant, H. L. Sprinkle, requested the court to find the facts, includ-
ing those specified in detail. The request was denied,—and H. L. Sprin-
kle excepted. His exception No. 1.

Defendant H. L. Sprinkle thereupon moved that the order of 7 Sep-
tember, 1954, be set aside for irregularities and errors committed during
the hearing and for lack of facts as found, and for that the facts found

will not support the order. The motion was overruled and defendant H. L. Sprinkle excepted. His exception No. 2.

And to the order of 7 September, 1954, and to the signing of it, defendant H. L. Sprinkle excepts, his exception No. 3, and appeals to Supreme Court and assigns error.

*P. T. Stiers for plaintiffs, appellees.*
*Rufus W. Reynolds for defendant, appellant.*

WINBORNE, J. Decisions of this Court hold that when a Judge of Superior Court hears a motion to set aside a judgment for mistake, surprise or excusable neglect, G.S. 1-220, it is his duty, upon request so to do, to find the facts not only in respect to the grounds on which the motion is made, but as to meritorious defense. Failure to do so is error. *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287; *McLeod v. Gooch,* 162 N.C. 122, 78 S.E. 4. See also *Parnell v. Ivey,* 213 N.C. 644, 197 S.E. 128.

The same rule would apply to hearing on motion to vacate an order for reason that it was made without notice. G.S. 1-582.

Hence the court below erred in declining to find the facts in these respects,—having been requested so to do.

The cause will be remanded for further proceedings as to right and justice appertains, and as the law provides.

Error and remanded.

BARNHILL, C. J., took no part in the consideration and decision of this case.