SARAH C. HAIDUVEN v. FLOYD W. COOPER

No. 7420DC595

(Filed 18 September 1974)

1. **Rules of Civil Procedure § 60— motion to set aside judgment denied — appeal**

    An appeal from an order denying a motion made pursuant to Rule 60(b) to set a judgment aside does not bring up for review the judgment from which relief is sought.

2. **Rules of Civil Procedure § 60— motion to set aside judgment — requirements for granting**

    In order to grant a motion under Rule 60(b)(1) to relieve a party from a final judgment on the ground of mistake, inadvertence, surprise or excusable neglect, the court must find both that defendant's neglect was excusable and that he had a meritorious defense.

3. **Rules of Civil Procedure §§ 52, 60— motion to set aside judgment — necessity for finding facts**

    Absent a request the trial judge is not required to find the facts upon which he based his ruling denying defendant's motion to set aside the judgment, and, in such case, it will be presumed that the judge, upon proper evidence, found facts sufficient to support his judgment.

4. **Rules of Civil Procedure § 60— motion to set aside judgment — affidavits not considered**

    Although the appellate court may inspect the pleadings to see if a meritorious defense is alleged, when passing on the trial court's ruling on a motion to set aside the verdict the court does not consider affidavits for the purpose of finding facts itself on the issue of excusable neglect.

APPEAL from *Crutchfield, District Judge,* 18 March 1974 Session of District Court held in MOORE County.

This is an appeal from an order denying defendant's motion under Rule 60(b)(1) of the Rules of Civil Procedure to set aside a judgment against him on the grounds of mistake, inadvertence, surprise, or excusable neglect.

Plaintiff, formerly the wife of defendant, brought this action to recover support payments for herself and her minor child allegedly due under a separation agreement signed by defendant. Defendant admitted execution of the agreement and his failure to make payments as provided therein, but alleged as a defense that after execution of the agreement plaintiff had divorced him and married a man named Haiduven, who had thereafter supported plaintiff and the child, and that this relieved defendant of any obligation to do so. Defendant also alleged as a defense that plaintiff had breached the agreement by taking the child to live outside of the United States, thereby depriving defendant of his reasonable visitation rights under the separation agreement. In a counterclaim defendant sought custody of the child.

Neither party demanded jury trial, and on 21 August 1973 the case was heard by the district judge sitting without a jury. Plaintiff, represented by counsel, was present and presented evidence. Neither defendant nor his counsel was present. The court entered judgment, dated 21 August 1973 but filed 10 September 1973, making findings of fact and conclusions of law in favor of plaintiff, and, among other relief, awarding plaintiff judgment for the amount of the past due support payments due under the separation agreement for support of plaintiff and the child.

On 13 September 1973 defendant moved pursuant to G.S. 1A-1, Rule 60(b)(1) to set the judgment aside, stating as grounds for this motion that his counsel was on vacation in Europe from 3 August until 27 August 1973 and that prior to his counsel's departure neither defendant nor his counsel had received any notice of the calendaring of this case for trial.

After a hearing, the district judge entered an order dated 18 March 1974 denying the motion, and from this order defendant appealed, being represented on this appeal by new counsel of record and not by the attorney who had represented him during the earlier stages of this litigation.

*Dillard M. Powell for plaintiff appellee.*

*Johnson, Poole & Crockett by Samuel H. Poole for defendant appellant.*

PARKER, Judge.

[1]  The judgment filed against defendant on 10 September 1973 is not before us for review. No appeal was taken from that judgment, and "an appeal from an order denying relief under Rule 60(b) does not bring up for review the judgment from which relief is sought." 7 Moore's Federal Practice, § 60.30[1]. Thus, the only question presented by this appeal is the validity of the court's ruling made in the order appealed from, dated 18 March 1974, which denied defendant's motion for relief under Rule 60(b)(1).

[2, 3]  In order to grant a motion under Rule 60(b)(1) to relieve a party from a final judgment on the ground of mistake, inadvertence, surprise, or excusable neglect, the court must find both that defendant's neglect was excusable and that he had a meritorious defense. *Hanford v. McSwain,* 230 N.C. 229, 53 S.E. 2d 84 (1949). In the present case the judge did not find the facts upon which he based his ruling denying defendant's motion. Had he been requested to do so, it would have been error for the judge not to have found the facts, *Sprinkle v. Sprinkle,* 241 N.C. 713, 86 S.E. 2d 422 (1955), but absent a request he was not required to do so. G.S. 1A-1, Rule 52(a)(2). In such case, it will be presumed that the judge, upon proper evidence, found facts sufficient to support his judgment. *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287 (1926).

[4]  The record before us does not show any request that the judge made findings of fact, and counsel for defendant stated on oral argument that no such request was made. Although the appellate court may inspect the pleadings to see if a meritorious defense is alleged, *Sutherland v. McLean,* 199 N.C. 345, 154 S.E. 662 (1930), when passing on the trial court's ruling on a motion of this sort we do not consider affidavits for the purpose of finding facts ourselves on the issue of excusable neglect. *Holcomb v. Holcomb, supra.*

The cases cited above were decided under former G.S. 1-220, which has now been replaced by G.S. 1A-1, Rule 60(b)(1), but the principles announced still apply. *Doxol Gas v. Barefoot,* 10

N.C. App. 703, 179 S.E. 2d 890 (1971). Appellant, who had the burden of showing error, has failed to do so.

Affirmed.

Judges CAMPBELL and VAUGHN concur.