STATE OF NORTH CAROLINA v. ROY JOYNER

No. 7421SC704

(Filed 18 September 1974)

1. **Municipal Corporations § 30— zoning ordinance — requirements for validity**

A zoning ordinance of a municipality is valid and enforceable if it emanates from an ample grant of power by the legislature to the city

or town, if it has a reasonable tendency to promote the public safety, health, morals, comfort, welfare and prosperity, and if its provisions are not arbitrary, unreasonable or confiscatory.

**2. Municipal Corporations § 30— zoning ordinance — prohibition of building materials salvage yard — constitutionality**

A municipal zoning ordinance which prohibited the operation of a building materials salvage yard within a defined area and allowed those engaged in such business in that area a period of three years to remove their business to another location was in the public interest, was not arbitrary, unreasonable or confiscatory, reasonably balanced public and private interests in requiring removal of nonconforming structures within three years and was therefore constitutional.

**3. Municipal Corporations § 30— zoning ordinance — nonconforming use — applicability to defendant**

Where defendant's evidence tended to show that it would cost him $25,000 to move his business, there was nothing in the record to suggest that defendant could not have made a less costly move during the three year grace period provided by the ordinance, defendant testified that his inventory turned over in less than three years, and defendant entered into a long-term lease on the property after the effective date of the ordinance even though he was aware of the removal requirement in the ordinance, defendant failed to show that his loss would have been substantial had he complied with the ordinance.

APPEAL by defendant from *McConnell, Judge,* 22 April 1974 Session of Superior Court held in FORSYTH County.

Heard in Court of Appeals 28 August 1974.

Defendant was convicted in the District Court upon a warrant which charged the maintenance of a building materials salvage yard in violation of a zoning ordinance. He appealed to the Superior Court for a trial *de novo.*

The ordinance covering the location of defendant's business became effective 17 September 1968. It prohibited the operation of a building materials salvage yard within a defined area and allowed those engaged in such business in that area a period of three years to remove their business to another location. The pertinent portion of the ordinance reads as follows:

"G. Removal of Certain Nonconforming Uses Required:

1. The following uses, if they are or become nonconforming by virtue of the adoption of this ordinance or subsequent amendments thereto, shall be removed

within three (3) years after the date of adoption hereof or of such amendment:

    a. Auto wrecking yards, building material salvage yards, scrap metal processing yards, and contractors' storage yards;

    b. Advertising signs in all districts except B-2, other than those advertising signs that are nonconforming only as to size or height."

In the Superior Court defendant made a motion to quash the warrant on the ground that the ordinance upon which it was based was unconstitutional. This motion was denied.

Evidence was then offered which was largely undisputed. The State showed that the defendant was continuing to operate his business after the time permitted for its removal despite repeated warnings by the building and zoning inspector.

Defendant testified that he began operating his business in 1966 under an oral lease of the real property and made some improvements. In 1968, after the adoption of the zoning ordinance, he entered into a written lease extending until 1979. He admitted that he could have disposed of his entire inventory in three years, but he was continuing to operate the business because "I do not like the fact that it [the provision for removal of nonconforming uses] applies to me by right." Defendant estimated that it would cost him $25,000 to relocate his business at this time.

At the conclusion of the State's evidence and again at the conclusion of all the evidence defendant made a motion for nonsuit. These motions were denied.

The jury returned a verdict of guilty. From judgment imposed thereon, defendant appealed to this Court.

*Attorney General Robert Morgan, by Assistant Attorney General Richard N. League, for the State.*

*Craige, Brawley, by C. Thomas Ross, for defendant appellant.*

BALEY, Judge.

Defendant first assigns as error the failure of the court to grant his motion to quash the warrant on the ground that sec-

tion G(1)(a) of the ordinance upon which the warrant was based is unconstitutional. Defendant does not question the validity of the entire zoning ordinance, only section G(1)(a), which provides for the termination of certain nonconforming uses within three years after the effective date of the ordinance.

A motion to quash tests the sufficiency of the warrant to charge a criminal offense. The failure to charge a criminal offense may be a deficiency in the allegations of the warrant or may be due to the unconstitutionality of the ordinance under which the charge is made. *State v. Atlas,* 283 N.C. 165, 195 S.E. 2d 496. In any event, however, the defect must appear on the face of the record. Upon a motion to quash a warrant charging the violation of an ordinance, the judge may not hear evidence or consider documents other than the specific ordinance involved. *State v. Underwood,* 283 N.C. 154, 195 S.E. 2d 489.

The warrant sets out the date when defendant continued to operate his building materials salvage business as "after September 17, 1971 thru the 11th day of May 1973," which was more than three years after the effective date of the ordinance. It is clear that a criminal offense is charged in the warrant if section G(1)(a) of the ordinance is a valid constitutional exercise of the power of the municipality.

[1, 2] We then reach the question of the validity of section G(1)(a) requiring the termination of certain nonconforming uses. Our North Carolina Supreme Court follows the general rule that "a zoning ordinance of a municipality is valid and enforceable if it emanates from [an] ample grant of power by the legislature to the city or town, if it has a reasonable tendency to promote the public safety, health, morals, comfort, welfare and prosperity, and if its provisions are not arbitrary, unreasonable or confiscatory." *Helms v. Charlotte,* 255 N.C. 647, 650-51, 122 S.E. 2d 817, 820; *accord, Blades v. Raleigh,* 280 N.C. 531, 187 S.E. 2d 35; *Schloss v. Jamison,* 262 N.C. 108, 136 S.E. 2d 691. *See also Euclid v. Amber Realty Co.,* 272 U.S. 365 (1926). The power of the municipality to pass zoning ordinances is conferred by statute, G.S. 160A-381 and G.S. 160A-382. The municipal authorities have here determined that the elimination of building material salvage yards within the area occupied by defendant's business is in the pubic interest. There is nothing to indicate on the face of the ordinance that the provision for removal of the designated nonconforming uses within the time period provided is arbitrary, unreasonable, or confiscatory.

Since future uses clearly can be prohibited under zoning ordinances, nonconforming uses which are permitted to continue constitute exceptions to the general zoning plan established by the ordinance for the neighborhood involved. Consequently, the private interests which they represent should be protected only to a limited extent and not to the point where the welfare of the public must suffer. "The police power is not static. It expands to meet conditions which necessarily change as business progresses and civilization advances." *Elizabeth City v. Aydlett,* 201 N.C. 602, 605, 161 S.E. 78, 79. *See also* Annot., 22 A.L.R. 3d 1134. When an ordinance deals with nonconforming uses, it is an attempt by the municipality to balance the right to use of private property with the paramount public interest.

Restrictions on the continuation of nonconforming uses will be enforced if reasonably designed to avoid loss to the owner and that prospective loss is relatively slight. They may not be enforced if such enforcement would cause serious loss to property owners and destroy valuable businesses built up over many years. As set out in *Los Angeles v. Gage,* 127 Cal. App. 2d 442, 460, 274 P. 2d 34, 44 (1954), "[t]he distinction between an ordinance restricting future uses and one requiring the termination of present uses within a reasonable period of time is merely one of degree, and constitutionality depends on the relative importance to be given to the public gain and to the private loss."

If a time limit for the continuation of a nonconforming use is not set out in the ordinance, it is assumed that the nonconforming use will terminate without governmental action. When a time limit for the removal of the nonconforming use is set, it must meet reasonable standards. The three year time period permitted for the removal of the nonconforming uses described in the present ordinance would seem to meet the test of reasonableness in the balance between public and private interests.

We hold that section G(1)(a) is constitutional and defendant's motion to quash the warrant was properly overruled.

[3] Defendant contends that, even if section G(1)(a) is not invalid *per se,* it is unreasonable as applied to him. He apparently has made no attempt to comply with the ordinance. Instead he has challenged its applicability to him on the ground that it is arbitrary and fails to consider the amount of his investment, the nature of the surrounding property and the cost of relocating his business.

Conceding that it would now cost the defendant $25,000 to move, there is nothing in the record to suggest that he could not have made a less costly move during the three year grace period. He testified that his inventory turns over in less than three years. Although he made improvements on the property prior to the enactment of the ordinance, he entered into a long-term lease on the property after its effective date. At this time he was aware of the requirement that nonconforming uses must be removed within three years and chose to ignore it. He admitted that he simply did not like the provision. "The law accords protection to nonconforming users, who, relying on the authorization given them, have made substantial expenditures in an honest belief that the project would not violate declared public policy. It does not protect one who makes expenditures with knowledge that the expenditures are made for a purpose declared unlawful by a duly enacted ordinance." *Warner v. W. & O., Inc.*, 263 N.C. 37, 43, 138 S.E. 2d 782, 786-87. Defendant has failed to show that his loss would have been substantial had he complied with the ordinance rather than acted in the face of it.

There being no conflicting evidence presented at the trial, the trial judge could properly consider the reasonableness of the ordinance upon defendant's motion for nonsuit. Under the facts of this case, the allowance of three years in which to relocate a salvage yard cannot be considered arbitrary, unreasonable, or confiscatory. Defendant's motion for nonsuit was properly denied.

Defendant's exceptions to the court's refusal to allow the building inspector to testify as to his opinion of the reasonableness of the ordinance or the amount of defendant's investment are without merit. Defendant himself testified as to his investment, and the reasonableness of the ordinance upon the uncontroverted facts presented was a question for the court.

The verdict of guilty reached by the jury under proper instructions from the court is fully sustained by the evidence.

No error.

Judges BRITT and HEDRICK concur.