COMMERCIAL UNION ASSURANCE COMPANIES v. ATWATER MOTOR COMPANY, INC.

No. 7715SC285

(Filed 21 February 1978)

1. **Rules of Civil Procedure § 60— motion to set aside default judgment denied—no abuse of discretion**

   The trial court did not abuse its discretion in denying defendant's motion to set aside default judgment on the ground of excusable neglect where defendant contended that defendant's manager did not send plaintiff's complaint to defendant's insurance company as the manager had been instructed to do by defendant's attorneys; the manager was 24 years old and had been serving as general manager for only one month when the complaint was served; and

negotiations between the insurance companies of the plaintiff and defendant had been in progress in regard to the subject matter for more than a year and it was reasonable for the manager to assume the insurance company would handle the problem.

2. **Rules of Civil Procedure § 52— no finding of facts supporting order—no request for findings of fact**

The trial court was not required to find facts supporting his order denying defendant's motion to set aside default judgment in the absence of defendant's request for findings.

APPEAL by defendant from *Hobgood, Judge.* Order entered 3 February 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 2 February 1978.

This action was instituted by plaintiff pursuant to G.S., Chap. 1B to recover contribution from defendant. On 20 July 1976, summons and complaint were served on the defendant. A few days after being served, Robert Kent Atwater, general manager of defendant, sent the complaint to defendant's attorneys. On 28 July 1976, defendant's attorneys returned the complaint by mail and instructed Mr. Atwater to make the complaint available to defendant's insurance company immediately. Mr. Atwater apparently disregarded these instructions. When defendant failed to file an answer or otherwise plead within 30 days after being served, the plaintiff filed a motion for default judgment. An entry of default and judgment of default were entered against defendant on 27 August 1976 by the Clerk of Superior Court of Alamance County. On 5 January 1977, defendant filed a motion under Rule 60(b) of the Rules of Civil Procedure to set aside the default judgment. Defendant alleged in affidavits supporting the motion that its failure to answer or otherwise respond to the complaint was excusable and that it had meritorious defense to plaintiff's complaint. Judge Hobgood denied the motion to set aside the default judgment and defendant appealed.

*Smith, Moore, Smith, Schell and Hunter, by Robert A. Wicker, for plaintiff appellee.*

*Vernon, Vernon and Wooten, P.A., by Wiley P. Wooten and E. Lawson Brown, for defendant appellant.*

WEBB, Judge.

[1]　We hold that the order of Judge Hobgood must be affirmed. G.S. 1A-1, Rule 60 says:

> (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 　　(1) Mistake, inadvertence, surprise or excusable neglect;
>
> 　　　　　*　　*　　*
>
> 　　(6) Any other reason justifying relief from the operation of the judgment.

The defendant contends it should be within one of these provisions. The defendant's motion for relief was addressed to the discretion of the Superior Court and we are limited to determining whether the Superior Court abused its discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). Upon this record, we cannot find that Judge Hobgood abused his discretion in denying defendant's motion to set aside the judgment on the ground of excusable neglect. The defendant contends that the evidence shows that Mr. Atwater's inaction was excusable since he was 24 years old and had been serving as general manager for only a month at the time of the transaction. Also, defendant suggests that the neglect was excusable because negotiations between the insurance companies of the plaintiff and defendant had been in progress in regard to the subject matter for more than a year and it was reasonable for Mr. Atwater to assume the insurance company would handle it. The defendant further contends that the record shows it had such a meritorious defense that it is inequitable not to set the judgment aside. These are matters which were directed to the discretion of Judge Hobgood. Since we have held that Judge Hobgood did not abuse his discretion in not finding excusable neglect, we are bound by his order.

　　The defendant also contends that it is entitled to relief under subsection (6) which allows the setting aside of a judgment for "[a]ny other reason justifying relief from the operation of a judgment." The defendant argues that if it has not shown excusable neglect, subsection (6) allows this requirement to be waived in the ends of justice. Whether a court under subsection

(6) may set aside a judgment in the ends of justice without a showing of any specific facts we need not now decide. We are bound by Judge Hobgood's decision not to set the judgment aside under subsection (6) as well as subsection (1) if he did not abuse his discretion. We cannot hold that he abused his discretion in either instance.

[2] Defendant also argues that the order cannot stand since no findings of fact were made upon which to base the order. The same issue was addressed by this Court in *Haiduven v. Cooper*, 23 N.C. App. 67, 208 S.E. 2d 233 (1974). Judge Parker writing for the Court stated:

> "In order to grant a motion under Rule 60(b)(1) to relieve a party from a final judgment on the ground of mistake, inadvertence, surprise, or excusable neglect, the court must find both that defendant's neglect was excusable and that he had a meritorious defense. *Hanford v. McSwain*, 230 N.C. 229, 53 S.E. 2d 84 (1949). In the present case the judge did not find the facts upon which he based his ruling denying defendant's motion. Had he been requested to do so, it would have been error for the judge not to have found the facts, *Sprinkle v. Sprinkle*, 241 N.C. 713, 86 S.E. 2d 422 (1955), but absent a request he was not required to do so. G.S. 1A-1, Rule 52 (a)(2). In such case, it will be presumed that the judge, upon proper evidence, found facts sufficient to support his judgment. *Holcomb v. Holcomb*, 192 N.C. 504, 135 S.E. 287 (1926)."

23 N.C. App., at 69.

There is nothing in the record to indicate defendant requested the judge to find facts. We hold that *Haiduven v. Cooper*, *supra*, controls and we will presume that Judge Hobgood found sufficient facts to support his order.

We can find no error in the order denying defendant's motion to set aside the judgment.

Affirmed.

Judges BRITT and HEDRICK concur.